1    JOSEPH P. RUSSONIELLO
     United States Attorney
2
     CHARLES M. O'CONNOR (CA State Bar No. 56320)
3    Assistant United States Attorney
     450 Golden Gate Ave., 10th Floor
4    San Francisco, California 94102
     Tel:    (415) 436-7180
5
     RONALD J. TENPAS
6    Assistant Attorney General
     Environment and Natural Resources Division
7
     PAMELA S. TONGLAO
8    Trial Attorney
     U.S. Department of Justice
9    Environmental Defense Section
     P.O. Box 23986
10   Washington, D.C. 20026-3986
     Tel:    (202) 305-0897
11   Fax:    (202) 514-8865
     Email: pamela.tonglao@usdoj.gov
12
     Attorneys for Defendants
13

14              IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                    SAN FRANCISCO DIVISION

16   ─────────────────────────────────
                                        )
17   SAN FRANCISCO CHAPTER OF THE A.    )    Case No.  3:07-cv-4936 CRB
     PHILIP RANDOLPH INSTITUTE,         )
18   CALIFORNIANS FOR RENEWABLE         )
     ENERGY, LYNNE BROWN, REGINA        )    MEMORANDUM IN SUPPORT OF
19   HOLLINS,                           )    EPA'S MOTION TO DISMISS
                                        )
20             Plaintiffs,              )
          v.                            )    Date:    Friday, March 21, 2008
21                                      )    Time:    10:00 a.m.
     U.S. ENVIRONMENTAL PROTECTION      )    Place:   450 Golden Gate Avenue
22   AGENCY, STEPHEN L. JOHNSON, BAY    )             Courtroom 8, 19th floor
     AREA AIR QUALITY MANAGEMENT        )             San Francisco, California
23   DISTRICT, AND CITY AND COUNTY OF   )
     SAN FRANCISCO,                     )
24                                      )
               Defendants.             )
25   ─────────────────────────────────

26        Defendants United States Environmental Protection Agency and Stephen L. Johnson,

27   Administrator (collectively "EPA") move to dismiss, for lack of jurisdiction and failure to state a

28

1   claim upon which relief may be granted, the claims in Plaintiffs' First Amended Complaint that

2   are directed against EPA, i.e., the first claim for relief under the federal mandamus statute, 33

3   U.S.C. § 1361, and the second claim for relief under the  Administrative Procedure Act ("APA"),

4   5 U.S.C. § 706.  In this memorandum, EPA explains that Plaintiffs lack a cognizable claim for

5   relief.  Moreover, Congress has provided, through the citizen's suit provision of the Clean Air

6   Act, 42 U.S.C. § 7604, a remedy for the allegation that EPA has unlawfully withheld or

7   unreasonably delayed action that is not discretionary with the Administrator.  Accordingly,

8   jurisdiction under the federal mandamus statute and the APA is precluded by congressional

9   design.

10                                          **BACKGROUND**

11          In a case that Plaintiffs themselves describe as challenging two power plants to be built

12   near San Francisco, see First Am. Compl. ¶ 1, they seek breathtakingly broad relief affecting

13   multiple Clean Air Act programs -- first an order requiring EPA to act on a petition regarding

14   regulation of motor vehicle emissions of greenhouse gases pursuant to a judgment in a case to

15   which they are not a party, and then a declaratory judgment that an endangerment finding that

16   EPA might make pursuant to the judgment in that other case would, if made, be applicable across

17   a broad range of Clean Air Act programs, including motor vehicle emission limits, new source

18   performance standards for stationary sources, national ambient air quality standards, and state

19   implementation plans.  See First Am. Compl., prayer for relief, ¶¶ 1 and 2.  Moreover, Plaintiffs

20   presume that the implications of an endangerment finding by EPA would lead to a series of state,

21   and local administrative actions that, in Plaintiffs' view, may ultimately prevent the construction

22   of two power plants in Plaintiffs' communities.  First Am. Compl. ¶¶ 1, 13-23.  Plaintiffs regard

23   the Supreme Court's decision in Massachusetts v. EPA, 127 S. Ct. 1438 (2007), as the catalyst

24   for this chain of events.  First Am. Compl. ¶ 13.  At issue in Massachusetts v. EPA was EPA's

25   2003 denial of a rulemaking petition filed by a group of private organizations that sought

26   regulation of greenhouse gas emissions from new motor vehicles and engines under section 202

27   of the Clean Air Act, 42 U.S.C. § 7521.  On the merits, the Supreme Court first found that EPA

28   has the statutory authority under the Clean Air Act to regulate greenhouse gas emissions to

1  address climate change. <u>Massachusetts v. EPA</u>, 127 S. Ct. at 1462.  The Court further found that

2  EPA's denial of the section 202 rulemaking petition was arbitrary and capricious because its

3  stated reasons were not sufficiently tied to the factors specified in the statute. <u>Id.</u> at 1462-63.

4  The Court explained that in responding to the section 202 rulemaking petition on remand, the

5  Agency must decide one way or the other whether greenhouse gas emissions from new motor

6  vehicles and engines cause or contribute to air pollution which may reasonably be anticipated to

7  endanger public health or welfare, or "provide[] some reasonable explanation as to why it cannot

8  or will not exercise its discretion to determine whether they do." <u>Id.</u> at 1462.  The Court declined

9  to impose constraints on EPA's decision-making authority, however, and noted that "[w]e need

10  not and do not reach the question whether on remand EPA must make an endangerment finding,

11  or whether policy concerns can inform EPA's actions in the event it makes such a finding." <u>Id.</u> at

12  1463.

13      After receiving the case back from the Supreme Court, on September 14, 2007, the D.C.

14  Circuit remanded the matter to EPA. <u>Massachusetts v. EPA</u>, Nos. 03-1361 to 03-1368, 2007 WL

15  2935594 (D.C. Cir. Sept. 14, 2007).  A mere ten days later, on September 24, 2007, Plaintiffs

16  filed their complaint alleging unreasonable delay on the part of EPA in responding to the remand.

17  <u>See</u> Compl. ¶ 60 ("The EPA's failure to respond to the demand of the United States Supreme

18  Court to 'ground its reasons for action or inaction in the statute' (<u>Massachusetts v. EPA</u>, 127 S.

19  Ct. at 1463) constitutes agency action unlawfully withheld as well as unreasonably delayed in

20  violation of the Administrative Procedure Act, 5 U.S.C. § 706(1).").  Plaintiffs filed an amended

21  complaint on December 14, 2007, alleging additional state law causes of action against the non-

22  federal defendants. <u>See</u> First Am. Compl. ¶¶ 109-44.  Although EPA believes that Plaintiffs'

23  claims against the Agency – set forth in the First Amended Complaint as the first and second

24  claims for relief – are frivolous and based on erroneous presumptions,[1]/ the Court need not reach

25

26  [1]/     For example, any duty arising from the D.C. Circuit's remand is not owed to these
27  Plaintiffs; any such duty is owed only to the plaintiffs in the <u>Massachusetts v. EPA</u> case, and only
   they have the right to seek to enforce the judgment in that case.  Moreover, the District Court for
28                                                                      (continued...)

1  the merits of those claims because it lacks subject matter jurisdiction under the APA and the

2  federal mandamus statute.

3                          **STANDARD OF REVIEW**

4          "Federal courts are courts of limited jurisdiction. . . .  It is to be presumed that a cause

5  lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the

6  party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377

7  (1994).  Plaintiffs have the burden of pleading the requisite jurisdictional facts. Gibbs v. Buck,

8  307 U.S. 66, 72 (1939);  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir.

9  1989).  An issue of subject matter jurisdiction is properly decided under Rule 12(b)(1) of the

10  Federal Rules of Civil Procedure. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000);

11  Association of Am. Med. Colleges v. United States, 217 F.3d 770, 778 (9th Cir. 2000).  Under

12  Rule 12(b)(1), "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence

13  of disputed material facts will not preclude the trial court from evaluating for itself the merits of

14  jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does

15  in fact exist." Thornhill Publ'g Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir.

16  1979) (citation omitted).  "[A] Rule 12(b)(1) motion can attack the substance of a complaint's

17  jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any

18  other evidence properly before the court." Dreier v. United States, 106 F.3d 844, 847 (9th Cir.

19  1997) (quoting St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

20          In addition, a court must dismiss a complaint for failure to state a claim pursuant to Fed.

21  R. Civ. P. Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts

22  in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

23  (1957). See also Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989);  Haddock v.

24  Board of Dental Exam'rs, 777 F.2d 462, 464 (9th Cir. 1985).  In other words, a Rule 12(b)(6)

25  dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of

26  ───────────────────

27  [1]/    (...continued)
    the Northern District of California is not the appropriate forum in which to bring such an

28  enforcement action.

1  sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't.</u>, 901

2  F.2d 696, 699 (9th Cir. 1990).

3      In deciding a motion to dismiss for failure to state a claim, the court's review is limited to

4  the contents of the complaint.  <u>See Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir. 1996);

5  <u>Allarcom Pay Television, Ltd. v. General Instrument Corp.</u>, 69 F.3d 381, 385 (9th Cir. 1995).

6  The court must accept all factual allegations in the complaint as true, and must construe them and

7  draw all reasonable inferences from them in favor of the nonmoving party.  <u>See Cahill v. Liberty</u>

8  <u>Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996); <u>Mier v. Owens</u>, 57 F.3d 747, 750 (9th Cir.

9  1995) (citing <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987)).  It need not,

10  however, accept as true unreasonable inferences or conclusory legal allegations cast in the form

11  of factual allegations.  <u>See Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

12  **ARGUMENT**

13  **I.  Plaintiffs' Allegation that EPA Failed to Comply With a Supreme Court Decision
    Does Not Support a Cognizable Claim.**

14

15      Plaintiffs do not and cannot identify any statutory basis for their claim of unreasonable

    delay.  Instead Plaintiffs assert, incorrectly, that their cause of action arises under the Supreme
16
    Court's ruling in <u>Massachusetts v. EPA</u>:
17
        To date, the EPA defendants have not performed a duty owed to plaintiffs: to
18      comply with the order of the Supreme Court in order to slow global warming and
        to promulgate rules that will lessen the environmental and health impacts of fossil
19      fuel-burning power plants such as CCSF's CT plants.

20  First Am. Compl. ¶ 92.  Plaintiffs' legal theory is flawed.  Under the APA, "for a claim of

21  unreasonable delay to survive, the agency must have a statutory duty in the first place." <u>San</u>

22  <u>Francisco BayKeeper v. Whitman</u>, 297 F.3d 877, 885 (9th Cir. 2002).  Here, Plaintiffs allege no

23  statutory duty to support an unreasonable delay claim against EPA.

24      The absence of an alleged statutory duty also means that the Court lacks subject matter

25  jurisdiction over Plaintiffs' related claim that EPA has unlawfully withheld action.  Although

26  Plaintiffs assert subject matter jurisdiction under the federal question statute, <u>see</u> First Am.

27  Compl. ¶ 34, that statute provides:  "The district courts shall have original jurisdiction of all civil

28  actions arising under the <u>Constitution, laws, or treaties of the United States</u>." 28 U.S.C. § 1331

1   (emphasis added).  A challenge based on a Supreme Court decision is not a "civil action[] arising

2   under the Constitution, laws, or treaties of the United States."  Id.  Accord Madison-Hughes v.

3   Shalala, 80 F.3d 1121, 1124-25 (6th Cir. 1996) (dismissing complaint under Fed. R. Civ. P.

4   12(b)(1) for lack of subject matter jurisdiction "because jurisdiction depends upon the alleged

5   existence of a mandatory legal requirement . . . when, in fact, . . . no such legal requirement

6   exists").

7   **II.  Even if a Nondiscretionary Statutory Duty Existed, Plaintiffs' APA Claim Would
        Fail for Lack of Subject Matter Jurisdiction.**

8           Assuming, for the sake of argument, that Plaintiffs could identify a statutory

9   nondiscretionary duty, their APA claim of agency action unlawfully withheld or unreasonably

10  delayed, see First Am. Compl. ¶¶ 101-108, should be dismissed because the Court lacks subject

11  matter jurisdiction over this claim in the absence of an applicable waiver of sovereign immunity.

12  Orff v. United States, 358 F.3d 1137, 1142 (9th Cir. 2004) ("Any claim for which sovereign

13  immunity has not been waived must be dismissed for lack of jurisdiction."), aff'd, 545 U.S. 596

14  (2005).  The APA contains a limited waiver of sovereign immunity for challenges to agency

15  actions in district court under 28 U.S.C. § 1331.  See 5 U.S.C. § 702; Gallo Cattle Co. v. United

16  States Dep't of Agric., 159 F.3d 1194, 1198 (9th Cir. 1998) ("while the APA does not confer a

17  district court with jurisdiction, it does provide a waiver of sovereign immunity in suits seeking

18  judicial review of a federal action under [28 U.S.C.] § 1331").  Specifically, the APA prescribes

19  standards for judicial review of "[a]gency action made reviewable by statute and final agency

20  action for which there is no other adequate remedy in a court."  5 U.S.C. § 704 (emphasis added).

21  Section 704 of the APA expressly "excludes from the APA's sovereign immunity waiver those

22  claims for which adequate remedies are elsewhere available."  Consol. Edison Co. v. United

23  States Dep't of Energy, 247 F.3d 1378, 1383 (Fed. Cir. 2001) (citing 5 U.S.C. § 704); see also

24  Gallo Cattle, 159 F.3d at 1198.

25          Here, the Clean Air Act ("CAA") governs the substance of Plaintiffs' claims.  Thus, if

26  Plaintiffs had any cause of action, it would necessarily arise under the CAA, not the APA.

27  Specifically, an allegation that EPA has unlawfully withheld or unreasonably delayed action must

28

1    be brought under the citizen suit provision of the CAA, 42 U.S.C. § 7604(a), which authorizes

2    any person to sue the EPA Administrator "where there is alleged a failure of the Administrator to

3    perform any act or duty under this chapter which is not discretionary with the Administrator." 42

4    U.S.C. § 7604(a)(2). The CAA expressly provides remedies for these types of claims: "The

5    district courts of the United States shall have jurisdiction . . . to order the Administrator to

6    perform such act or duty." 42 U.S.C. § 7604(a). The statute further provides: "The district

7    courts of the United States shall have jurisdiction to compel . . . agency action unreasonably

8    delayed. . . ." 42 U.S.C. § 7604(a). Because the CAA provides an adequate remedy for claims of

9    unreasonable delay in performing a nondiscretionary duty, judicial review under the APA is

10   barred. Sierra Club v. Leavitt, 355 F. Supp. 2d 544, 547 (D.D.C. 2005) (if the Clean Air Act

11   vests subject matter jurisdiction in the court, "an assessment of the Court's jurisdiction pursuant

12   to the APA is unnecessary as subject matter jurisdiction under the APA only lies when 'there is

13   no other adequate remedy in a court.' 5 U.S.C. § 704."). Accordingly, Plaintiffs' second cause

14   of action must be dismissed as to defendant EPA for lack of subject matter jurisdiction.

15        Plaintiffs may not simply amend their complaint by replacing the existing APA claim

16   with a citizen suit claim under the CAA for two reasons. First, the citizen suit provision

17   explicitly directs that suits alleging unreasonable delay "may only be filed in a United States

18   District Court within the circuit in which such action would be reviewable under section 7607(b)

19   of this title." 42 U.S.C. § 7604(a). In this case, the action that Plaintiffs seek to compel would

20   involve nationally applicable regulations concerning emissions of greenhouse gases from new

21   motor vehicles and engines. Pursuant to 42 U.S.C. § 7607(b), judicial review of that action

22   would occur in the United States Court of Appeals for the District of Columbia. See 42 U.S.C. §

23   7607(b) (a petition for review of "any standard under [section 202]. . . and any other nationally

24   applicable regulations promulgated . . . by the Administrator under this chapter may be filed only

25   in the United States Court of Appeals for the District of Columbia."). Thus, venue for any

26   citizen suit alleging unreasonable delay under the CAA for failure to respond to the remand in

27   Massachusetts v. EPA would lie only in the District Court for the District of Columbia.

28        Second, prior to initiating a CAA citizen suit in the proper venue on the ground that the

1   Administrator has unlawfully withheld or unreasonably delayed action, Plaintiffs must comply

2   with the statutory notice requirements of CAA section 304(a), 42 U.S.C. § 7604(a).  Specifically,

3   Plaintiffs must give EPA written notice of their intent to sue for unreasonable delay at least 180

4   days before filing suit.  See 42 U.S.C. § 7604(a) ("In any . . . action for unreasonable delay,

5   notice to the entities referred to in subsection (b)(1)(A) of this section shall be provided 180 days

6   before commencing such action.").  A claim that EPA has unlawfully withheld action that is not

7   discretionary must be preceded by 60 days' notice.  42 U.S.C. § 7604(b)(2).  Plaintiffs have not

8   given EPA the requisite notice of intent to sue.  Because the CAA's notice requirement is

9   jurisdictional, failure to comply cannot be cured by amendment of the complaint and must result

10  in dismissal of EPA from this lawsuit.  Hallstrom v. Tillamook County, 493 U.S. 20, 31-33

11  (1989); Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation, 143 F.3d 515,

12  520 (9th Cir. 1998).

13  **III.    This Court Lacks Jurisdiction Over Plaintiffs' Claim Against EPA Under the
            Federal Mandamus Statute, 28 U.S.C. § 1361.**

14          Plaintiffs' attempt to invoke federal mandamus jurisdiction pursuant to 28 U.S.C. § 1361

15  must fail for reasons that are analogous to those set forth above with respect to the APA claim.

16  See First Am. Compl. ¶¶ 90-100 (first claim for relief).  First, mandamus jurisdiction does not

17  exist without a nondiscretionary duty.  Stang v. IRS, 788 F.2d 564, 565 (9th Cir. 1986).  Johnson

18  v. Shalala, 2 F.3d 918, 924 (9th Cir. 1993) ("mandamus would be appropriate only when a party

19  demonstrated that the Secretary 'owed him a clear nondiscretionary duty.'").  Here, Plaintiffs

20  have grounded their complaint on an alleged failure to comply with a Supreme Court remand,

21  and not on any statutory duty that is not discretionary with the EPA Administrator.

22          Further, even assuming that a nondiscretionary duty existed here, mandamus is not

23  available when an alternative adequate remedy exists.  See Ex parte Republic of Peru, 318 U.S.

24  578, 584 (1943); Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983) ("The

25  availability of an adequate alternative remedy will . . . preclude mandamus review.").  As

26  explained above, if EPA has a present nondiscretionary duty to respond to the section 202

27  petition, Plaintiffs have an alternative adequate remedy under the citizen suit provision of the

28

1  Clean Air Act.  Such an action, if successful, would result in an order requiring that EPA perform

2  the very action that Plaintiffs seek to compel through their mandamus claim.  Where Congress

3  establishes a statutory method for reviewing administrative action or inaction, as here, an

4  aggrieved party cannot circumvent the prescribed statutory process by bringing a mandamus

5  action.  See Wilmot v. Doyle, 403 F.2d 811, 816 (9th Cir. 1968) ("Since there is available a

6  statutory remedy and method of review, . . . mandamus is not available.").[2]/

7                                              **CONCLUSION**

8          For the foregoing reasons, the Court lacks subject matter jurisdiction over the first and

9  second claims for relief in Plaintiffs' First Amended Complaint.  Accordingly, EPA should be

10  dismissed as a defendant in this action.

11                                            Respectfully submitted,

12  Dated: February 15, 2008                 JOSEPH P. RUSSONIELLO
                                             United States Attorney
13
                                             RONALD J. TENPAS
14                                           Assistant Attorney General
                                             Environment & Natural Resources Division
15
                                              /s/ Pamela S. Tonglao
16                                           PAMELA S. TONGLAO
                                             Trial Attorney
17                                           United States Department of Justice
                                             Environmental Defense Section
18                                           P.O. Box 23986
                                             Washington, D.C. 20026-3986
19
20  OF COUNSEL:
    CAROL S. HOLMES
21  Air and Radiation Law Office
    Office of General Counsel
22
    _____
23  [2]/     Even if Plaintiffs could properly assert a cause of action for unreasonable delay, they are
    unlikely to prevail on the merits of such a claim.  Plaintiffs filed this action alleging that EPA
24  unreasonably delayed responding to the Supreme Court's decision in Massachusetts v. EPA only
    ten days after the matter was remanded to the Agency by the D.C. Circuit.  It appears that
25  Plaintiffs have rushed to court for an order compelling EPA to act before affording EPA a
    reasonable opportunity to do so.  Further, to the extent that Plaintiffs seek an order compelling
26  EPA to promulgate emission standards for greenhouse gases, see First Am. Compl. ¶ 32, their
    claim is unripe.  The CAA requires an affirmative finding of endangerment as a precondition to
27  the establishment of such emission limits.  See, e.g., 42 U.S.C. §§ 7411(b)(1), 7521(a)(1).
28

1

U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.

2

Mail Code 2344A
Washington, DC 20460

3

4

ANN LYONS
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 9

5

75 Hawthorne Street
Mail Code ORC-2

6

San Francisco, CA 94105

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

    On February 15, 2008, a true and correct copy of the foregoing MEMORANDUM IN
SUPPORT OF EPA'S MOTION TO DISMISS was served electronically via the Court's e-filing
3   system to Counsel of Record.

4                                                /s/ Pamela S. Tonglao
                                                Pamela S. Tonglao
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mem. in Support of Mot. to Dismiss
Case No. 07-4936 CRB