Joshua Arce, Esq. (State Bar No. 218563)
josh@brightlinedefense.org
BRIGHTLINE DEFENSE PROJECT
240 Golden Gate Avenue, Ste. 102
San Francisco, CA 94102
415-837-0600
Fax 415-837-0660

Martin Homec (State Bar No. 085798)
martinhomec@gmail.com
P. O. Box 4471
Davis, CA 95617
530-867-1850

Attorneys for Plaintiffs
SAN FRANCISCO CHAPTER OF THE
A. PHILIP RANDOLPH INSTITUTE,
CALIFORNIANS FOR RENEWABLE ENERGY,
LYNNE BROWN, REGINA HOLLINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO CHAPTER OF THE A. PHILIP RANDOLPH INSTITUTE, CALIFORNIANS FOR RENEWABLE ENERGY, LYNNE BROWN, REGINA HOLLINS,<br><br>on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN JOHNSON, BAY AREA AIR QUALITY MANAGEMENT DISTRICT, CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendants. | Case No.:     C-07-4936-CRB<br><br>NOTICE OF ERRATA RE: DECLARATION OF MICHAEL BOYD IN OPPOSITION TO EPA'S MOTION TO DISMISS<br><br>Date:  Friday, March 21, 2008<br>Time:  10:00 a.m.<br>Place: 450 Golden Gate Avenue<br>         Courtroom 8, 19th Floor<br>         San Francisco, California |

Notice of Errata Re: Decl. of Michael Boyd in Opposition to Mot. to Dismiss
C-07-4936-CRB

**NOTICE OF ERRATA RE:  DECLARATION OF MICHAEL BOYD**

Plaintiff CAlifornians for Renewable Energy hereby gives notice of the following corrections to the Declaration of Michael Boyd in Opposition to EPA's Motion to Dismiss, filed February 29, 2008.

I, Michael Boyd, being duly sworn, declare the following changes to my February 29, 2008 Declaration in Opposition to EPA's Motion to Dismiss:

Page 1, lines 13-14:  Change "Attached as Exhibit A is a true and accurate copy of a January 23, 2008 letter sent by California Attorney General Jerry Brown" to "Attached as Exhibit A are true and accurate copies of a January 23, 2008 news release published by California Attorney General Jerry Brown and a January 23, 2008 letter signed by Brown"

Exhibit A of my February 29, 2008 declaration should be replaced by Exhibit A of this Notice of Errata, which is identical but for the inclusion of Attorney General Brown's January 23, 2008 news release.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 2nd day of March, 2008, at Soquel, California.

*Michael E. Boyd*
Michael Boyd

- 1 -

| | |
|---|---|
| | Respectfully submitted, |
| Dated: March 2, 2008 | BRIGHTLINE DEFENSE PROJECT |
| | _____ |
| | Joshua Arce, Esq.<br>Attorney for Plaintiffs<br>San Francisco Chapter of the A. Philip Randolph Institute, Californians for Renewable Energy, Lynne Brown, Regina Hollins |
| | CALIFORNIANS FOR RENEWABLE ENERGY |
| | _____ |
| | Martin Homec, Esq.<br>Attorney for Plaintiff<br>Californians for Renewable Energy |

# EXHIBIT A

# News & Alerts

Contact Press Office
(916) 324-5500

## Brown To EPA: Obey Supreme Court Mandate

January 23, 2008

**View Attachments**

08-005
FOR IMMEDIATE RELEASE
(916) 324-5500

WASHINGTON DC—California Attorney General Edmund G. Brown Jr. today called upon the U. S. Environmental Protection Agency to "obey the Supreme Court's landmark decision," Massachusetts v. EPA, opening a new front in the legal battle for tailpipe greenhouse gas regulations.

"The Artic is melting faster than ever before, yet the EPA stubbornly refuses to do its job," Attorney General Brown said. "The EPA should obey the Supreme Court's landmark decision and issue regulations to curb greenhouse gas pollutants without further delay."

The landmark Supreme Court case, Massachusetts v. EPA, held that the EPA has authority under the Clean Air Act to regulate greenhouse gas emissions from motor vehicles. The EPA itself, in a notice last month in the Federal Register, described the Court's mandate:

"…the Supreme Court ruled that the EPA must determine, under Section 202 (a) of the Clean Air Act, whether greenhouse gas emissions from new motor vehicles cause or contribute to air pollution that endangers public health or welfare."

Greenhouse gas pollutants are pouring into the atmosphere, causing global temperatures to rise at an unprecedented rate. Eleven of the 12 warmest years since record keeping began, 150 years ago, have occurred in the past 12 years. In 2006, Arctic sea ice declined by the largest amount ever recorded, losing an area roughly the size of Texas and California combined.

Before the EPA can regulate greenhouse gas pollution, the agency must make a formal determination that such emissions threaten public health or welfare. After the Court's decision in April 2007, the EPA said it would propose regulations by the end of the year, but it has failed to do so. In a letter sent today by California and 17 other states and local governments, Brown asserted that "the EPA is unreasonably delaying" the procedural steps necessary for issuing regulations.

Brown called upon the EPA to immediately issue a formal conclusion that greenhouse gas emissions "cause, or contribute to, air pollution which may reasonably be anticipated to endanger public health or welfare." Brown requested a response, with the agency's specific intentions, by February 27, 2008.

Today's letter serves as a notice that states are preparing to go back to court to get the EPA to comply with the Supreme Court's mandate.

Brown said that the EPA cannot use the Energy Independence and Security Act of 2007, which only improves fuel economy, as an excuse for ignoring its duty to regulate greenhouse gas emissions. The Supreme Court ruled that EPA's obligation to regulate such emissions is wholly independent from the mandate, under the Energy Policy and Conservation Act, to promote energy efficiency.

Under the Clean Air Act, California is also allowed to impose tailpipe greenhouse gas emissions regulations if the state obtains a waiver from the EPA. Brown sued the EPA on January 2, after the agency broke forty years of precedent by denying California's request, which would have allowed the state to cut tailpipe greenhouse gas emissions 30 percent by 2016. It was the first denial since the Clean Air Act was established in 1967.

In rejecting the state's request, the EPA stated that California failed to demonstrate "compelling and extraordinary conditions," as required by the Clean Air Act. This statement contradicted forty years of agency practice and ignored the dangerous consequences of global warming to the State of California.

Under the Bush administration, the EPA has also failed to set greenhouse gas emissions standards for ocean-going vessels and aircraft—both major worldwide contributors to global warming.

Global warming threatens California's coastline, levees, and Sierra mountain snow pack which provides one-third of the state's drinking water. California's unique topography and its high human and vehicular population have already caused higher ozone concentrations than other parts of the country. For more information on the impacts of global warming, visit: http://ag.ca.gov/globalwarming/impact.php

Seventeen other states and local governments are joining today's letter including: the Commonwealth of Massachusetts, Arizona, California, Connecticut, Delaware, Illinois, Iowa, Maine, Maryland, Minnesota, New Jersey, New Mexico, New York, Oregon, Rhode Island, Vermont, Washington, the City Solicitor for the City of Baltimore and the Corporation Counsel for the City of New York.

The states' letter to the EPA is attached.

**Attachments for this Release**

- Letter [PDF 58 kb / 5 pg]

top

**ATTORNEYS GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS,
THE STATES OF ARIZONA, CALIFORNIA, CONNECTICUT, DELAWARE, ILLINOIS, IOWA,
MAINE, MARYLAND, MINNESOTA, NEW JERSEY, NEW MEXICO, NEW YORK, OREGON,
RHODE ISLAND, VERMONT, AND WASHINGTON,
THE CITY SOLICITOR FOR THE CITY OF BALTIMORE AND THE CORPORATION COUNSEL
FOR THE CITY OF NEW YORK**

January 23, 2008

Stephen L. Johnson
Administrator
U.S. Environmental Protection Agency
United States Environmental Protection Agency 1101A
U.S. EPA Headquarters
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Washington, DC 20460

    Re:    *Massachusetts v. EPA* remand

Dear Administrator Johnson:

    We are writing today because of our concern about the progress of the administrative proceedings on remand from last year's U.S. Supreme Court ruling in *Massachusetts v. EPA*, 549 U.S. ___, 127 S.Ct. 1438 (2007). For the reasons set forth below, we believe that EPA is unreasonably delaying action on the remand, and we request a response by February 27, 2008, regarding the agency's specific intentions for moving that remand forward.

    As you know, in *Massachusetts v. EPA,* we and other parties challenged EPA's refusal to regulate greenhouse gas emissions from motor vehicles pursuant to the federal Clean Air Act. The Court ruled that EPA had authority to regulate greenhouse gases under the Clean Air Act. 127 S.Ct. at 1459-62. The Court also ruled that EPA had relied on improper policy grounds in denying a rulemaking petition that had been filed under Section 202 of the Act, and it ordered the agency to revisit the rulemaking petition based on proper statutory factors. *Id*. at 1462-63. As EPA itself described the Court's mandate just last month:

> On April 2, 2007, the Supreme Court ruled that the EPA must determine, under Section 202(a) of the Clean Air Act, whether greenhouse gas emissions (GHG) from new motor vehicles cause or contribute to air pollution that endangers public health or welfare.

72 Fed. Reg. 69934 (December 10, 2007).

In response to the Court's ruling, you repeatedly indicated that the agency would be moving forward with regulation under Section 202 and other provisions of the Clean Air Act. *See e.g.,* Statement of Stephen L. Johnson, to House Select Committee on Energy Independence and Global Warming (June 8, 2007). In this manner, you acknowledged that the agency has concluded that the endangerment threshold has in fact been crossed. In order to keep the regulatory process on track, we urged you immediately to begin the formal process of making a determination of endangerment through publishing a formal notice to that effect. *See e.g.,* Testimony of Attorney General Martha Coakley to House Select Committee on Energy Independence and Global Warming (June 8, 2007). While you declined to take this step, you did on numerous occasions state that the agency would formally propose new regulations pursuant to the Clean Air Act, including under Section 202, by the end of 2007, with final regulations in place by the end of October 2008. Indeed, you reaffirmed that intent in a formal "regulatory plan" published on December 10, 2007. 72 Fed. Reg. 69934. Nevertheless, the end of 2007 has come and gone without any regulatory action by the agency and without any new commitment as to when the agency would act.

We are aware that Congress has enacted the Energy Independence and Security Act of 2007, which President Bush signed into law on December 19, 2007. That act tightened the fuel economy standards for motor vehicles under the Energy Policy and Conservation Act (EPCA). But such changes to EPCA do not affect EPA's authority or duties under Section 202 of the Clean Air Act or under the Supreme Court's remand. As the Supreme Court has emphasized, EPA's statutory obligation to protect public health and welfare is "wholly independent" from EPCA's "mandate to promote energy efficiency." 127 S.Ct. at 1462. Moreover, in enacting the new legislation, Congress could not have been clearer that it was not modifying EPA's existing obligations under other statutes. *See* P.L. 110-140, 2007 HR slip, § 3 ("Except to the extent expressly provided in this Act, or an amendment made by this Act, nothing in this Act or an amendment made by this Act supersedes, limits the authority provided or responsibility conferred by, or authorizes violation of any provision of law (including a regulation), including any energy or environmental law or regulation.").

The rulemaking petition at issue in *Massachusetts v. EPA* was filed in 1999, now almost a decade ago. EPA's failure to exercise its clear authority under the Clean Air Act and to act on the petition constitutes an abdication of its regulatory responsibility. We once again urge EPA immediately to begin the regulatory process by publishing formal notice of EPA's conclusion that greenhouse gas emissions from motor vehicles and other sources "cause, or contribute to, air pollution which may reasonably be anticipated to endanger public health or welfare." *See* 42 U.S.C. 7521(a). There is no valid reason for EPA to continue to delay moving the regulatory process forward in this manner. We note, for example, that immediately beginning the formal process of making an endangerment determination will still allow the agency additional time to deliberate over regulatory design issues involved in actually setting the applicable emissions standards.

In sum, according to EPA's own schedule, it is past time for EPA to take action on the *Massachusetts v. EPA* remand, and we urge you to move forward at once. If EPA continues unreasonably to delay its actions on the remand, we intend to take action to enforce the D.C. Circuit's mandate. Please let us know in writing by February 27, 2008, specifically what EPA's plans are to comply with the mandate.

If you would like to discuss this further, feel free to contact us directly or to have your staff follow up with Massachusetts Assistant Attorney General James R. Milkey. His contact information is: James R. Milkey, Assistant Attorney General, Chief, Environmental Protection Division, Massachusetts Office of the Attorney General, One Ashburton Place, Boston, MA 02108; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Thank you very much.

Very truly yours,



Martha Coakley
Massachusetts Attorney General



Terry Goddard
Arizona Attorney General



Edmund G. Brown Jr.
California Attorney General



Richard Blumenthal
Connecticut Attorney General



Joseph R. Biden, III
Delaware Attorney General



Lisa Madigan
Illinois Attorney General



Tom Miller
Iowa Attorney General



G. Steven Rowe
Maine Attorney General



Douglas F. Gansler
Maryland Attorney General



Lori Swanson
Minnesota Attorney General



Anne Milgram
New Jersey Attorney General



Gary King
New Mexico Attorney General



Andrew M. Cuomo
New York Attorney General



Hardy Myers
Oregon Attorney General



Patrick C. Lynch
Rhode Island Attorney General



William H. Sorrell
Vermont Attorney General



Rob McKenna
Washington Attorney General

George A. Nilson
Baltimore City Solicitor

Michael A. Cardozo
New York City Corporation Counsel

cc.     Honorable Michael B. Mukasey
        Attorney General

## **CERTIFICATE OF SERVICE**

On March 2, 2008, a true and correct copy of the foregoing NOTICE OF ERRATA RE: DECLARATION OF MICHAEL BOYD IN OPPOSITION TO MOTION TO DISMISS was served electronically via the Court's e-filing system to Counsel of Record.

BRIGHTLINE DEFENSE PROJECT

_____
Joshua Arce, Esq.