FILED

APR 20 2006

HEARING BOARD
BAY AREA·AIR QUALITY
MANAGEMENT DISTRICT

BEFORE THE HEARING BOARD
OF THE
BAY AREA AIR QUALITY MANAGEMENT DISTRICT
STATE OF CALIFORNIA

MARY ROMAIDIS
CLERK
HEARING BOARD
BAY AREA AIR QUALITY
MANAGEMENT DISTRICT

In the Matter of the Appeal of )
)
**CALIFORNIANS FOR RENEWABLE** )      No. 3511
**ENERGY (CARE)** )
)
on the City and County of San Francisco San )      ORDER FOR DISMISSAL
Francisco Electrical Reliability Project FDOC )
Application 12344 )
_____ )

The above entitled matter, being an Appeal from the Decision of the Air Pollution·Control Officer (APCO) to issue a Final Determination of Compliance (FDOC) for the San Francisco Electric Reliability Project, Application Number 12344, having been filed on January 13, 2006; the Notice of Hearing having been filed on January 17, 2006; the Request for Continuance by the Appellant having been filed on January 23, 2006; the Petition For Intervention by the City and County of San Francisco having been filed on January 26, 2006; the Order Granting the City and County of San Francisco's Petition for Intervention having been filed on February 6, 2006; Intervener's Request to Continue the Hearing in this Matter to April 13, 2006 having been filed on February 14, 2006; Intervener's Withdrawal of the Request to Continue the Hearing in this Matter, having been filed on February 15, 2006; Appellant's Notice of Title VI Retaliation Complaint having been filed on February 27, 2006; the Petition for Intervention by Robert Sarvey having been filed on March 3, 2006; Intervenor's Motion to Dismiss for Lack of Jurisdiction having been filed on March 9, 2006; the Bay Area Air Quality Management District's (District) Opposition to the Appeal having been filed on March 15, 2006; and the District's Opposition to the Petition for Intervention by Robert Sarvey having been filed on March 15, 2006.  The Appeal was heard on March 23, 2006, with all parties present.

Lynne Brown and Michael Boyd appeared for the Appellants, Californians for Renewable Energy, Inc., (CARE).

Alexander Crockett appeared as Counsel for the Respondent, APCO/District.

Jeanne M. Solé, appeared as Counsel for the Intervener, City and County of San Francisco (CCSF or City).

Robert Sarvey, appeared for himself.

Francisco Da Costa appeared as a member of the public, for himself.

1

Arlene L. Ichien appeared as Counsel for the California Energy Commission (CEC).

The Hearing Board received oral argument from all parties on CARE's Appeal and the Motion to Dismiss for Lack of Jurisdiction filed by the Intervener, the City, and listened to testimony from Steven Hill, Air Quality Engineering Manager, Engineering Division, for the District, and from Lynne Brown and Michael Boyd for CARE. Arlene Ichien reported on the CEC certification process and the status of the San Francisco Electrical Reliability Project (SFERP) CEC proceeding. Francisco de Costa presented public testimony pursuant to Hearing Board Rule 9.3e.

THE HEARING BOARD STATES as reasons for its decision and FINDS as to those matters before it for adjudication as follows:

## I.    BACKGROUND

The City has submitted an application for certification (AFC) for the SFERP to the CEC, and is seeking certification from the CEC for the SFERP. In that context, the City submitted an application for a Determination of Compliance and Authority to Construct the SFERP to the District. The APCO issued a Preliminary Determination of Compliance (PDOC) for the SFERP in July, 2005. The APCO issued a Final Determination of Compliance (FDOC) for the SFERP on December 15, 2005. On January 13, 2006, CARE filed the Appeal.

CARE's Appeal notes (on Page 1) that "[t]he District is required to review all public comments in preparation of the FDOC[1]" and alleges that its comments were not considered by the District. CARE's Appeal also contends that the FDOC fails to 1) require a dust control plan, 2) address environmental justice issues raised by CARE, 3) limit startups and shutdown, and 4) identify all possible control alternatives that would reduce environmental impacts as mitigation for PM2.5 impacts. CARE's Appeal seeks "re-issuance of the PDOC and an appropriate public comment period where the District actually carries out its statutory duty to analyze and respond to all issues raised by the public." On January 25, 2006, the APCO issued a revised FDOC. By letter dated February 1, 2006, the APCO responded to CARE's comments.

---

[1] Regulation 2-3-404 Public Notice, Comment and Public Inspection: The preliminary decision made pursuant to Section 2-3-403 shall be subject to the public notice, public comment and public inspection requirements contained in Section 2-2-406 and 407 of Rule 2.

Regulation 2-2-407 Authority to Construct, Final Action: If the application is for a new major facility or a major modification of an existing major facility, or requires a PSD analysis, or is subject to the MACT requirement, the APCO shall within 180 days following the acceptance of the application as complete, or a longer time period agreed upon, take final action on the application after considering all public comments.

## II.    FINDINGS AND CONCLUSIONS

CARE has not provided legal or factual justification for the remedy it seeks, and, therefore, CARE's Appeal should be dismissed.

District Regulation 2, Rule 3-404 requires that a PDOC be noticed and subjected to public comment in advance of issuance of an FDOC.  The District does not contest CARE's assertion that CARE's comments were not considered prior to issuance of the initial FDOC on December 15, 2005. However, the Hearing Board finds, based on the record developed in this matter, that CARE had received notice of the issuance of the PDOC; CARE itself asserts that it prepared and submitted comments on the PDOC on August 31, 2005.  The Hearing Board also finds that prior to issuing the revised FDOC on January 25, 2006, the APCO obtained and carefully considered CARE's comments.  District witness Steven Hill testified that although the comment letter addressing CARE's comments is dated February 1, 2006, CARE's comments were obtained and carefully considered prior to issuance of the revised FDOC on January 25, 2006.

In light of these facts, CARE's request that the PDOC be reissued and opened for another round of public comment is not warranted.  The error that occurred has been corrected and is harmless.  The record establishes that CARE had received notice of issuance of the PDOC.  The record further establishes that, although the APCO failed to consider CARE's comments prior to issuance of the initial FDOC on December 15, 2005, the APCO carefully considered CARE's comments prior to issuance of the revised FDOC on January 25, 2006

Hearing Board Rule 3.9 provides that the Hearing Board may allow the decision of the APCO to stand if the Board finds an error to be harmless.

///
///
///
///
///
///
///
///
///
///
///

        Therefore, THE HEARING BOARD ORDERS that the Appeal be and is hereby
DISMISSED.

                Moved by:  Terry A. Trumbull, Esq.
                Seconded by:  Rolf Lindenhayn, Esq.

                AYES:  Christian Colline, P.E., Rolf Lindenhayn, Esq., Julio Magalhães, Ph.D.,
                Terry A. Trumbull, Esq., and Thomas M. Dailey, M.D.

                NOES:  None

                NON-PARTICIPATING:  None

_____                    _____
        Thomas M. Dailey, M.D. Chair                             Date

4