ORIGINAL

BEFORE THE PUBLIC UTILITIES COMMISSION
OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Application and Electric Company (U39E) for a Certificate of Public Convenience and Necessity for the Russell City Energy Center 230 kV Transmission Line Pursuant to General Order 131-D. | Application 07-11-008 (Filed Nov 7, 2007) |

## NOTICE OF INTENT TO CLAIM COMPENSATION OF CALIFORNIANS FOR RENEWABLE ENERGY, INC. (CARE)

CAlifornians for Renewable Energy, Inc. ("CARE") hereby gives notice of its intent to claim compensation in the *Application of Pacific Gas and Electric Company (U39E) for a Certificate of Public Convenience and Necessity for the Russell City Energy Center 230 kV Transmission Line Pursuant to General Order 131-D*, under Application 07-11-008 pursuant to Rule 17.1 of the California Public Utilities Commission ("Commission") Rules of Practice and Procedure and Public Utilities Code section 1804(a) (1). As Section 1804(a) (1) provides that a notice of intent to claim compensation must be filed within 30 days after a prehearing conference is held and since no prehearing conference was held, we respectfully move therefore pursuant to the Commission's Rules of Practice and Procedure, that the Commission accepts this Notice of Intent to Claim Compensation.

CARE requests the issuance of a ruling finding: (i) CARE is a customer as defined in section 1802(b); (ii) the participation of CARE in this proceeding will pose a significant hardship as defined in section 1802(g); (iii) CARE has met the requirements of section 1804(a) for eligibility for compensation; and (iv) CARE is eligible for compensation in this proceeding.

### PROCEDURAL HISTORY

In Application (A.) 07-11-008, PG&E requests a CPCN pursuant to Pub. Util. Code §§ 1001 et seq.,1 and General Order (GO) 131-D to construct and own a 230 kV transmission line (Tie-Line) approximately 1.3 miles long that will connect a new 600

NOI for Compensation

MW gas-fired power plant to the transmission grid at PG&E's Eastshore Substation. The RCEC Project is located in the City of Hayward and is expected to come on-line in June 2010.

The California State Energy Resources Conservation and Development Commission ("CEC") certified the RCEC Project and Tie-Line in two orders issued on September 11, 2002 and September 26, 2007. The CEC's orders include an environmental analysis of the RCEC Project and Tie-Line. The CEC found that its Conditions of Certification will ensure that the project and Tie-Line will not have significant direct, indirect, or cumulative adverse environmental impacts. A.07-11-008 is subject to GO 131-D, Section III.A,6 which states as follows:

> "A. Certificate of Public Convenience and Necessity (CPCN) No electric public utility shall begin construction in this state of any new…major electric transmission line facilities which are designed for immediate or eventual operation at 200 kV or more…without this Commission having first found that said facilities are necessary to promote the safety, health, comfort and convenience of the public, and that they are required by the public convenience and necessity."

### CARE WILL REPRESENT INTERESTS THAT WOULD OTHERWISE BE UNDERREPRESENTED

In Decision 98-04-059, the Commission determined that to be eligible for compensation an intervenor must show that it will represent interests that would otherwise be underrepresented.[1] CAlifornians for Renewable Energy, Inc. (CARE) is a non-profit corporation that works to educate and encourage the use of alternative forms of renewable energy to avoid dependence on declining supplies of fossil fuels, and the harmful air emissions their use entails.

CARE as a non-profit corporation under section 501(C)(3) of the federal tax code serves charitable and public benefit purposes to protect the environment and protect the interests of our low-income people of color retail ratepayer members.

---

[1] *Order Instituting Rulemaking on the Commission's Intervenor Compensation Program; Order Instituting Investigation on the Commission's Intervenor Compensation Program*, Decision 98-04-059, 1998 Cal. PUC LEXIS 429 at *149 (Findings of Fact 13) (1998).

NOI for Compensation

## CARE REPRESENTS PG&E'S CUSTOMERS' ENVIRONMENTAL PROTECTION INTERESTS

CARE represents PG&E's customers' environmental protection interests not just before the CPUC where it can be found eligible to receive compensation based on our members environmental and socioeconomic interests but before other federal and state agencies where it is not compensated despite the significant economic hardship this creates to our meaningful and informed public participation and open decision making

CARE has been an active participant in the CEC siting process by providing both expert testimony and technical assistance to our members' Intervention, and/or formal Intervention by CARE as a Party. Some example dockets including but not limited to are the 880 MW Delta Energy Center Docket (98-AFC-3) constructed and operational in Pittsburg, 600 MW Metcalf Energy Center (99-AFC-3) under construction in San Jose, and the 1100 MW East Altamont Center (01-AFC-4) not yet constructed, all located in California. CARE is also a formal Intervenor representing consumer ratepayer stakeholders in California's energy and natural gas markets, before the Federal Energy Regulatory Commission (FERC). Some example Dockets including but not limited to, are EL00-95 EL00-98 (the Refund Proceedings), ER02-1656, PA02-2, EL02-113, EL02-114, EL02-115, EL03-37, EL03-137, CP04-58, and upon CARE's complaint, EL01-2, EL01-65, and EL04-11. As end-users of service from the investor-owned utility Pacific Gas and Electric Company (PG&E), CARE's membership will be directly affected by the outcome of this proceeding.

## PROCEDURAL REQUIREMENTS

Section 1802(b) describes customers eligible to claim compensation for participation in CPUC proceedings. Section 1804(a) requires customers who intend to claim compensation to file a notice of intent to claim compensation within 30 days of the pre-hearing conference (PHC). In cases where no prehearing conference is scheduled or where the commission anticipates that the proceeding will take less than 30 days, the commission may determine the procedure to be used in filing these requests. CARE therefore is filing this Notice of Intent within 30 days of the proposed decision.

Section 1804(a) lists the items that should be addressed in such a notice including:

NOI for Compensation

• A statement of the nature and extent of the customer's planned participation in the proceeding as far as it is possible to set it out when the notice of intent is filed (Section 1804(a)(2)(A)(i));

• An itemized estimate of the compensation that the customer expects to request, given the likely duration of the proceeding as it appears at the time (Section 1804 (a)(2)(A)(ii)); and

• The notice of intent may also include a showing by the customer that participation in the hearing or proceeding would pose a significant financial hardship. Alternatively, such a showing shall be included in the request submitted pursuant to subdivision (c) (Section 1804(a)(2)(B)).

In this notice, CARE: (1) demonstrates that it is a customer that qualifies to claim compensation pursuant to Public Utilities Code Section 1802(b); (2) sets forth the nature and extent of its planned participation in the proceeding in accordance with Public Utilities Code Section 1804(a)(2)(A)(i); (3) sets forth an itemized estimate of the compensation it expects to request in accordance with Public Utilities Code Section 1804(a)(2)(A)(ii); and (4) provides its showing of financial hardship in accordance with Public Utilities Code Section 1804(a)(2)(B).

CARE requests the issuance of a ruling finding: (i) CARE is a customer as defined in section 1802(b); (ii) the participation of CARE in this proceeding will pose a significant hardship as defined in section 1802(g); (iii) CARE has met the requirements of section 1804(a) for eligibility for compensation; and (iv) CARE is eligible for compensation in this proceeding.

### CARE IS A CUSTOMER ELIGIBLE TO CLAIM COMPENSATION PURSUANT TO PUBLIC UTILITIES CODE SECTION 1802(B).

Public Utilities Code Section 1802(b) defines a customer eligible to claim compensation as:

> [A] participant representing consumers, customers, or subscribers of any electrical, gas, telephone, telegraph, or water corporation that is subject to the jurisdiction of the commission; any representative who has been authorized by a customer; or any representative of a group or organization authorized pursuant to its articles of incorporation or bylaws to represent the interests of residential customers…"

NOI for Compensation

4

CARE falls within all three categories but can best make a showing in the third category listed in Section 1802(b) because it is a "representative of a group or organization authorized pursuant to its articles of incorporation or bylaws to represent the interests of residential customers...." CARE is 501 (c) (3) corporations comprised of members whom are of low income people of color residential customers who are members of CARE who reside in the affected areas of both renewable and fossil fuel energy including natural gas infrastructure who will bear the disparate environmental and socioeconomic burden of such activities in the immediate vicinity of where they live.

On September 1, 2005 in the *Order Instituting Rulemaking to Promote Policy and Program Coordination and Integration in Electric Utility Resource Planning* under Rulemaking 04-04-003, and the *Order Instituting Rulemaking to Promote Consistency in Methodology and Input Assumptions in Commission Applications of Short-Run and Long-run Avoided Costs, Including Pricing for Qualifying Facilities* under Rulemaking 04-04-025, ALJ Brown ruled that "CARE is a customer for the purposes of intervenor compensation (Category 3.)"

On May 26, 2006 ALJ Duda ruled in the *Order Instituting Rulemaking Regarding Policies, Procedures and Rules for the California Solar Initiative, the Self-Generation Incentive Program and Other Distributed Generation Issues* under Rulemaking 06-03-004 "Californians for Renewable Energy (CARE) is a customer as that term is defined in § 1802(b) (1) (C) and has met the eligibility requirements of § 1804(a), including the requirement that it establish significant financial hardship. CARE is found eligible for compensation in this proceeding."

On August 16, 2007 ALJ Prestidge ruled in the *Ruling Regarding Notice of Intent to Claim Compensation filed by CAlifornians for Renewable Energy* under Complaint (C.) 07-03-006[2] that:

> 1. California for Renewable Energy's (CARE) notice of intent to claim compensation was timely filed and meets the requirements of Section 1804.
> 2. CARE qualifies as a customer entitled to request intervenor compensation in this proceeding, pursuant to Section 1802(b)(1)(C).

---

[2] See http://www.cpuc.ca.gov/EFILE/RULINGS/71411.pdf

NOI for Compensation

5

3. CARE has demonstrated that, in the absence of intervenor compensation, its participation in this proceeding would result in a significant financial hardship, pursuant to Section 1802(g).

Because CARE was found eligible for compensation under C.07-03-006 a rebuttable presumption of eligibility exists for CARE. A finding of significant financial hardship was determined in an ALJ Ruling issued on August 16, 2007 in C.07-03-006.

Therefore, in accordance with §1804(b) (1), the rebuttable presumption created in R.06-03-004 is applicable. CARE recognizes a finding of significant financial hardship in no way ensures compensation (§ 1804(b) (2)).

**CARE WILL FULLY AND ACTIVELY PARTICIPATE IN THIS PROCEEDING**

Section 1804(a) (2) (A) (i) requires a notice of intent to claim compensation to include a statement of the nature and extent of a party's planned participation. CARE intends to fully participate in all aspects of the proceeding pursuant to the proposed procedural schedule established. CARE will retain the services of experts to review and assess potential impacts of the *Application of Pacific Gas and Electric Company (U39E) for a Certificate of Public Convenience and Necessity for the Russell City Energy Center 230 kV Transmission Line Pursuant to General Order 131-D.*

Robert Sarvey CARE's Treasurer is our air quality expert, CARE's power plant expert witnesses is William (Bill) Powers PE, and CARE's President, Michael Boyd will provide an analysis of the impacts and cost effectiveness to PG&E's ratepayers of the Application which CARE is challenging. The applicant seeks to pass Calpine's transmission infrastructure costs for Calpine's Russell City Energy Center. Calpine is a participant in the competitive generation market, where the recovery by powerplant owners of their private investment and operating costs is at risk and is supposed to no longer be guaranteed through regulated rates. The overall coordination of these activities will be by CARE's President, Michael Boyd of Soquel California and CARE's Vice-President, Lynne Brown of Bayview Hunters Point in San Francisco who is our environmental justice expert. Mr. Brown will make appearances in Mr. Boyd's absence. Martin Homec will be our attorney.

NOI for Compensation

6

## ESTIMATED COMPENSATION REQUEST

Section 1804(a)(2)(A)(ii) requires a notice of intent to claim compensation to include an itemized estimate of the compensation the intervener expects to request, given the likely duration of the proceeding. As a result, CARE expects to incur the following expenses in order to effectively participate in this proceeding (this is a liberal estimate):

| | |
|---|---|
| Attorney Fees<br>(100 hours at up to $500/hour) | $100,000 |
| Air Quality Expert<br>(20 hours at $130/hour) | $4,000 |
| President's and Vice-President's Technical Assistance<br>(50 hours at $150/hour) | $15,000 |
| Power Plant Engineer PE<br>(50 hours at $200/hour) | $10,000 |
| Travel, postage, photocopies, telephone | $7,000 |
| **TOTAL** | **$136,000** |

CARE will provide time records, expense records and justification for hourly rates in its request for an award of compensation.

## PARTICIPATION IN THIS PROCEEDING WILL POSE A SIGNIFICANT FINANCIAL HARDSHIP ON CARE

Pursuant to section 1804(a) (2) (B), a notice of intent to claim compensation may include a showing that participation in the proceeding will pose a significant financial hardship to the customer. Section 1802(g) defines "significant financial hardship" to mean:

> either that the customer cannot afford, without undue hardship, to pay the costs of effective participation, including advocates fees, expert witness fees, and other reasonable costs of participation, or that, in the case of a group or organization, the economic interest of the individual members of the group or organization is small in comparison to the costs of effective participation in the proceeding.

Under the first criterion, neither CARE as a group nor the individual ratepayers who make up CARE have the financial resources to pay the costs of effective participation in this proceeding. CARE is in the process of raising funds from its members that can be used to participate in this proceeding; however, CARE knows that this amount will be

NOI for Compensation

significantly less than the estimated cost of participating in this proceeding. Thus, effective participation in this proceeding will create a significant and undue hardship for CARE.

The second criterion under the definition of significant financial hardship for a group or organization requires the weighing of the reasonable cost of participation – which is estimated at $136,000 – against the economic interest of the individual ratepayers who make up CARE. While it is difficult to quantify the economic interest that a low-income person has in stopping/modifying the proposed *Application of Pacific Gas and Electric Company (U39E) for a Certificate of Public Convenience and Necessity for the Russell City Energy Center 230 kV Transmission Line Pursuant to General Order 131-D,* it is clear that the cost of effective participation in this proceeding outweighs the economic interest of any individual member.

Under both criteria expressed in section 1802(g), CARE satisfies the requirements that effective participation in this proceeding will pose a significant financial hardship.

### CARE IS A "CUSTOMER" AS AN ORGANIZATION AUTHORIZED TO REPRESENT THE INTERESTS OF RESIDENTIAL CUSTOMERS

> Public Utilities Code section 1802(b) recognizes three categories of customers: any participant representing consumers, customers, or subscribers of any electrical, gas, telephone, telegraph, or water corporation that is subject to the jurisdiction of the commission; any representative who has been authorized by a customer; or any representative of a group or organization authorized pursuant to its articles of incorporation or bylaws to represent the interests of residential customers . . . .

CARE fits the definitions of the third category of "customer." CARE is an organization authorized by its Bylaws to represent the interests of residential customers (category 3), as explained below.

CARE is authorized by its Bylaws to represent the interest of residential customers. Specifically, CARE's functions are:

> 1    To supply on a nonprofit basis both nonprofessional and professional legal assistance to planning, conservation groups, small business customers, **residential customers**, small business and residential renewable energy self suppliers, and neighborhood groups, in regards to new energy projects

NOI for Compensation

8

       in the state of California.

2      To engage on a nonprofit basis in research and information dissemination with respect to legal rights in a healthy environment by giving legal advice, **appearing before administrative bodies**, and enforcing environmental laws through court actions

3      To employ legal counsel, technical experts, and associated staffing on a professional or contractual basis to carry out these purposes.

Because CARE is specifically authorized by its Bylaws to represent the interests of residential customers before administrative bodies, it clearly qualifies as a category 3 group or organization. For the preceding reasons, CARE qualifies as an authorized group in accordance with Section 1802(b).

### CARE MEETS SIGNIFICANT FINANCIAL HARDSHIP TO CARE UNDER THE CATEGORY 3 TEST

According to section 1804(a) (2) (B), an eligible customer may present a showing of significant financial hardship in its NOI. Section 1802(g) defines "significant financial hardship" as:

> either that the customer cannot without undue hardship afford to pay the costs of effective participation, including advocate's fees, expert witness fees, and other reasonable costs of participation, or that, in the case of a group or organization, the economic interest of the individual members of the group or organization is small in comparison to the costs of effective participation in the proceeding.

Section 1802 has been clarified by Commission ruling D. 98-04-059. As clarified by D. 98-04-059, CARE submits the necessary information to demonstrate "significant financial hardship."

CARE wishes to demonstrate significant financial hardship as a category 3 organization. CARE submits information pertaining to its own financial situation in order to determine whether participation presents significant financial hardship. CARE therefore includes in this submission its bank statement dated April 11, 2007 (Attachment 1). The statement shows that CARE had a total of $918.03 on September 13, 2007. CARE's financial situation clearly shows that its participation in the present proceedings

NOI for Compensation

presents a significant financial burden. As ALJ Prestidge stated in the August 16, 2007 *Ruling Regarding Notice of Intent to Claim Compensation filed by CAlifornians for Renewable Energy under Complaint (C.) 07-03-006,*

> According to a supplemental declaration of CARE's President filed on August 6, 2007, CARE presently has $433.03 available to fund its costs in this proceeding. CARE has clearly demonstrated that the organization cannot afford to pay the costs of its effective participation in this proceeding, without suffering undue financial hardship.

For the preceding reasons, CARE demonstrates that participation is a significant financial burden under the category 3 test.

## CONCLUSION

For the above stated reasons, CARE requests the issuance of a ruling finding: (i) CARE is a customer as defined in Public Utilities Code section 1802(b); (ii) the participation of CARE in this proceeding will pose a significant financial hardship as defined in Public Utilities Code section 1802(g); (iii) CARE has already met the requirements of Public Utilities Code section 1804(a) for eligibility for compensation; and (iv) CARE is eligible for compensation in this proceeding.

Respectfully submitted,

*Martin Homec*

Martin Homec
P. O. Box 4471
Davis, CA 95617
Tel.: (530) 867-1850
E-mail: martinhomec@gmail.com
Attorney for CALIFORNIANS FOR
RENEWABLE ENERGY

January 30, 2008

NOI for Compensation

## Verification

I am an officer of the Intervening Corporation herein, and am authorized to make this verification on its behalf. The statements in the foregoing document are true of my own knowledge, except matters, which are therein stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30rd day of January, 2008, at San Francisco, California.

*[signature: Lynne Brown]*

Lynne Brown Vice-President
CAlifornians for Renewable Energy,
Inc. (CARE)

## Certificate of copy sent electronically

To reduce the burden of service in this proceeding, the Commission will allow the use of electronic service, to the extent possible using the electronic service protocols provided in this proceeding. All individuals on the service list should provide electronic mail addresses. The Commission and other parties will assume a party consents to electronic service unless the party indicates otherwise.

I hereby certify that I have this day served the foregoing document "*Notice of Intent to Claim Compensation of CAlifornians for Renewable Energy, Inc. (CARE) on the Proposed Decision*" under CPUC Docket A.07-11-008. Each person designated on the official service list, has been provided a copy via e-mail, to all persons on the attached service list on January 30rd, 2008 for the proceedings, A.07-11-008.

*[signature: Lynne Brown]*

Lynne Brown Vice-President
CAlifornians for Renewable Energy, Inc.
(CARE)
24 Harbor Road
San Francisco, CA 94124

NOI for Compensation

Phone: (415) 285-4628
E-mail: l_brown369@yahoo.com

**A.07-11-008 Service List**
dtk5@pge.com,
l_brown369@yahoo.com,
jllm@pge.com,
rickt@calpine.com,
michaelboyd@sbcglobal.net,
martinhomec@gmail.com,
tim@cpuc.ca.gov,
weyman@baaqmd.gov,
bnishimura@baaqmd.gov,
hsy@cpuc.ca.gov,
glw@eslawfirm.com,
cpuccases@pge.com,
greggwheatland@comcast.net,

NOI for Compensation

filed 04 of
1/28/08 (reconsideration
of initial filing on 1/28/08)