BRIAN C. BUNGER, ESQ. (SB#142001)
District Counsel
ALEXANDER G. CROCKETT, ESQ. (SB#193910)
Assistant Counsel
BAY AREA AIR QUALITY MANAGEMENT DISTRICT
939 Ellis Street
San Francisco, CA  94109
Telephone: (415) 749-4920
Facsimile:   (415) 749-5103
Email: acrockett@baaqmd.gov

Counsel for DEFENDANT
THE BAY AREA AIR QUALITY MANAGEMENT DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO CHAPTER OF THE A. PHILIP RANDOLPH INSTITUTE, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants. | CASE NO. C-07-4936 CRB<br><br>**[PROPOSED] ORDER AWARDING SANCTIONS AGAINST PLAINTIFFS' ATTORNEY JOSHUA ARCE, ESQ.** |

The motion of Defendant Bay Area Air Quality Management District ("Air District") for sanctions against Plaintiffs' attorney Joshua Arce, Esq., came on regularly for hearing on April 11, 2008, at 10:00 a.m. before this Court, the Honorable Charles R. Breyer presiding.

After full consideration of the parties' papers and the arguments of counsel at the hearing, and good cause appearing therefore, the Court finds that the First Amended Complaint that Plaintiffs' attorney signed and filed in this action is frivolous as against the Air District because it provides no reasonable legal argument upon which this Court could issue the injunctive relief against the Air District that Plaintiffs request—an injunction against issuance of an Authority to Construct permit for the San Francisco Electric Reliability Project ("Project").

The First Amended Complaint's request for an injunction against the Air District, where the Air

District is not alleged to be in violation of any statute, regulation, or other applicable legal requirement, is not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  Plaintiffs cannot obtain an injunction against the Air District based on the Air District's alleged "indispensable party" status (a question the Court does not address here) because even if the Air District were "indispensable", such status by itself cannot create a cause of action absent some violation of law by the defendant.  Plaintiffs also cannot obtain an injunction against the Air District under 28 U.S.C. Section 1361 (Mandamus) or 5 U.S.C. Section 706 (Administrative Procedure Act) because those statutes apply only to federal agencies, not to the Air District, and because they only afford relief where the defendant has violated some legal duty, which Plaintiffs do not allege here.  Plaintiffs also cannot obtain an injunction under California public nuisance law because under California Civil Code Section 3482, an agency's actions that are explicitly authorized by law, and not taken improperly or in violation of any applicable legal requirement, cannot by definition constitute a public nuisance; and additionally because an injunction against the Air District prohibiting the mere issuing the permit (as opposed an injunction against the City and County of San Francisco from actually operating the Project) would be overbroad.  Finally, Plaintiffs have no right to an injunction because there is no reasonable basis to conclude that the harm they complain of against the Air District—the failure to implement and enforce regulations that may be enacted in the future—will ever materialize, as Plaintiffs have made no serious allegation that the Air District will fail to implement and enforce any such regulations as soon as they take effect, as the agency is statutorily mandated to do.

  Because these legal theories as asserted in the First Amended Complaint are so plainly without merit, either under existing law or a non-frivolous argument for reasonably extending existing law or creating new law, Plaintiffs' attorney violated Rule 11 when he signed and filed that document.  Accordingly, the Court GRANTS the Air District's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

  IT IS HEREBY ORDERED that Plaintiffs' attorney Joshua Arce, Esq., shall be and hereby is sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure and shall pay to Defendant Bay Area Air Quality Management District within 30 days of entry of this Order the sum of $_____ as reasonable costs and attorneys fees incurred in having to respond to the First Amended Complaint.

1  IT IS SO ORDERED.

3  Dated: _____          _____
                                            Hon. Charles R. Breyer
4                                           United States District Judge