BRIAN C. BUNGER, ESQ. (SB#142001)
District Counsel
ALEXANDER G. CROCKETT, ESQ. (SB#193910)
Assistant Counsel
BAY AREA AIR QUALITY MANAGEMENT DISTRICT
939 Ellis Street
San Francisco, CA  94109
Telephone: (415) 749-4920
Facsimile: (415) 749-5103
Email: acrockett@baaqmd.gov

Counsel for DEFENDANT
THE BAY AREA AIR QUALITY MANAGEMENT DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO CHAPTER OF THE A. PHILIP RANDOLPH INSTITUTE, *et al.*,<br><br>         Plaintiffs,<br><br>   vs.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>         Defendants. | CASE NO. C-07-4936 CRB<br><br>**NOTICE OF ERRATA RE:**<br>**MOTION FOR SANCTIONS**<br><br>Date:   April 11, 2008<br>Time:   10:00 a.m.<br>Place:  Courtroom 8, 19th Floor<br>Judge:  Hon. Charles R. Breyer |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE of the following non-substantive typographical errata in the Notice of Motion and Motion For Sanctions and Memorandum of Points and Authorities In Support filed March 7, 2008, by the Bay Area Air Quality Management District ("Air District").  For the convenience of the Court and of the Parties, an "Errata Corrected" version of the document is attached hereto as Exhibit A.

The errata are as follows:

1.     On page v, line 18, the word "issuance" should be replaced with the word "emission", so that the sentence reads in pertinent part ". . . there is nothing in the Clean Air Act or any other law or regulation that prohibits the Air District from issuing a permit for emission of a particular air pollutant while EPA is considering whether to adopt new regulations regarding that pollutant."

     2.     On page vi, line 14, the word "issues" should be replaced with the word "issued", so that the sentence reads in pertinent part "Plaintiffs have no reasonable argument that they will be irreparably harmed if the Air District acts before new regulations are issued . . . ."

     3.     On page 2, line 16, the year "2006" should be inserted after the date "October 3" to clarify when the CEC approved the certificate for the project.

     4.     On page 2, line 21, and page 3, line 1, the page reference in the citations to the Air District's Final Determination Of Compliance, which is included in Exhibit 1 of the Air District's Request For Judicial Notice ("RJN Exhibit 1"), is incorrect.  The Final Determination of Compliance begins at page 12 of RJN Exhibit 1.  The references to "p. 6" on page 2, line 21, and page 3, line 1, should be changed to "p. 12".

     5.     On page 3, line 23, the word "to" should be inserted between the words "only" and "Air District", so that the sentence reads in pertinent part ". . . the Air District's power to enforce permit conditions under the California Health & Safety code extends only to Air District or state air board permits, not to conditions in CEC licenses."

     6.     On page 4, line 3, the word "make" should be replaced with the word "making", so that the sentence reads in pertinent part "This final step of incorporating the conditions into an Authority To Construct is a limited, ministerial action consisting simply of making a final check to ensure that all applicable air quality conditions were correctly incorporated . . . ."

     7.     The passage from *Zaldivar v. City of Los Angeles* quoted on page 5, lines 19-20, appears on page 831 of 780 F.2d.  The citation in line 18 on page 5 should reference page 831, not page 832.

     8.     The full title of the *G.C. and K.B. Investments* case cited on page 6, lines 4-5, is *G.C. and K.B. Investments, Inc. v. Wilson*.  The name of the defendant should be added in line 5.

     9.     The Court that decided the *Truesdell v. Sothern Cal. Permanente Med. Group* case cited on page 6, lines 7-8, should be fully identified as "9th Cir.".

     10.     On page 6, line 15, the citation to Fed. R. Civ. P. 11(c)(2) should be replaced with a citation to Fed. R. Civ. P. 11(c)(4).

     11.     The passage from *American Express Co. v. United States* quoted on page 7, line 6, appears on page 175 of 4 Ct. Cust.  The citation in line 7 on page 7 should reference page 175, not page

176.

12.   In the quotation on page 7, line 7, the word "a" should be inserted between the words "Even" and "court", so that the quotation reads "Even a court of equity may not create rights having no existence at law and then take jurisdiction to pass upon and enforce them because the law affords no remedy."

13.   On page 7, line 15, the word "that" at the end of the line should be deleted so that the sentence reads in pertinent part ". . . nothing in the Clean Air Act could even arguably be read to require such an outcome . . . ."

14.   On page 8, footnote 8, line 26, the word "why" should be replaced with the word "what" so the sentence reads "It is not clear what Plaintiffs mean by alleging that the Air District is an 'indispensable party'."

15.   In the parenthetical quotation from *Gros Ventre Tribe v. United States* on page 10, lines 15-16, internal quotation marks should be inserted so that the quotation reads "courts do not have the authority to 'enter general orders compelling compliance with broad statutory mandates' ".

16.   On page 12, lines 22-23, the last two words in the quotation from Paragraph 98 of the First Amended Complaint should be transposed, so the quotation reads "deny plaintiffs' [sic] their only remedy for preventing the harm herein alleged".

17.   On page 14, line 16, the full Lexis cite to the *Sierra Club v. United States Environmental Protection Agency* case is "2007 U.S. Dist. LEXIS 77856". The date "2007" should be inserted at the beginning of "U.S. Dist. LEXIS" to complete the citation.

Dated: March 17, 2008                    Respectfully submitted,

BRIAN C. BUNGER, ESQ.
DISTRICT COUNSEL
BAY AREA AIR QUALITY MANAGEMENT DISTRICT


By:_____/s/_____
    Alexander G. Crockett, Esq.
    Assistant Counsel

COUNSEL FOR DEFENDANT
THE BAY AREA AIR QUALITY MANAGEMENT
DISTRICT