Joshua Arce, Esq. (State Bar No. 218563)
josh@brightlinedefense.org
BRIGHTLINE DEFENSE PROJECT
240 Golden Gate Avenue, Ste. 102
San Francisco, CA 94102
415-837-0600
Fax 415-837-0660

Martin Homec (State Bar No. 085798)
martinhomec@gmail.com
P. O. Box 4471
Davis, CA 95617
530-867-1850

Attorneys for Plaintiffs
SAN FRANCISCO CHAPTER OF THE
A. PHILIP RANDOLPH INSTITUTE,
CALIFORNIANS FOR RENEWABLE ENERGY,
LYNNE BROWN, REGINA HOLLINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO CHAPTER OF THE A. PHILIP RANDOLPH INSTITUTE, CALIFORNIANS FOR RENEWABLE ENERGY, LYNNE BROWN, REGINA HOLLINS,

on behalf of themselves, all others similarly situated, and the general public,

Plaintiffs,

vs.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN JOHNSON, BAY AREA AIR QUALITY MANAGEMENT DISTRICT, CITY AND COUNTY OF SAN FRANCISCO,

Defendants.

Case No.: C-07-4936-CRB

MEMORANDUM IN OPPOSITION TO BAAQMD'S MOTION TO STRIKE/DISMISS

Date: Friday, April 11, 2008
Time: 10:00 a.m.
Place: 450 Golden Gate Avenue
Courtroom 8, 19th Floor
San Francisco, California

**INTRODUCTION**

Plaintiffs have brought this action to accomplish two aims: first, to move the Environmental Protection Agency ("EPA") and its Administrator to comply with the United States Supreme Court's ruling in Massachusetts v. EPA, 127 S. Ct. 1438 (2007) and begin regulating greenhouse gas emissions under the Clean Air Act so as to slow global warming, and second, to obtain an order compelling the City of San Francisco ("CCSF") to abandon its plan to build unnecessary power plants in San Francisco's low-income, mostly minority communities of Bayview Hunters Point and Potrero.

Defendant Bay Area Air Quality Management District ("BAAQMD") has filed a motion to strike plaintiffs' First Amended Complaint in its entirety pursuant to Rule 12(f) or, alternatively, to dismiss the complaint under Rule 12(b)(6).

Even BAAQMD's co-defendant, CCSF, acknowledges that it is a necessary party to plaintiffs' claims against defendants EPA and EPA Administrator Stephen Johnson ("Johnson"). See CCSF Motion to Dismiss, p. 12, fn. 4.

BAAQMD must similarly acknowledge that it is a necessary party under plaintiffs' first through third claims for relief because, as the agency poised to grant authority to build the power plants central to this litigation, BAAQMD joinder is necessary for plaintiffs to obtain "complete relief." National Wildlife Federation v. Espy, 45 F.3d 1337, 1345 (9th Cir. 1995).

In addition, most of BAAQMD's objections under both Rule 12(f) and Rule 12(b)(6) appear to be directed at alleged defects in the form of the pleadings, such as the labeling of BAAQMD as an "indispensable" party rather than a "necessary" party, suggesting that leave to amend under Rule FRCP 15(a) is an adequate solution to illustrate that inclusion of BAAQMD as a defendant is necessary for plaintiffs to achieve complete relief.

**BACKGROUND**

Plaintiffs request an injunction ordering the BAAQMD not to issue a permit allowing construction of the power plant known as the San Francisco Electric Reliability Project ("SFERP"). First Amended Complaint ("FAC"), p. 24, ln. 17-19, p. 25, ln. 3-8. While this permit is authorized by California law, the BAAQMD has not issued a federal permit, the

Prevention of Significant Deterioration ("PSD") permit, a task that the EPA has delegated to it, because the BAAQMD determined that a PSD permit was not needed. FAC ¶ 69-71. The PSD process is designed "protect public health and welfare" and "assure that any decision to permit increased air pollution…is made only after careful evaluation of all the consequences of such a decision and after adequate procedural opportunities for informed public participation." Id. ¶ 71.

BAAQMD is involved in this lawsuit because if plaintiffs are to receive the relief they seek against the EPA and Johnson, as well as for nuisance caused by CCSF, BAAQMD must necessarily be enjoined from granting Authority to Construct the SFERP power plant until new greenhouse gas regulations to be promulgated are applied to local agencies like BAAQMD. FAC ¶ 60-67.

BAAQMD argues that its status as a defendant in this action is "immaterial" and "impertinent." BAAQMD Motion to Dismiss, p. 8, ln. 4-6. Plaintiffs dispute this statement because only the BAAQMD has been delegated the authority to implement the federal Clean Air Act, and no other California state or local agency can issue the permit. See FAC ¶ 46.

As outlined below in plaintiff's legal argument, BAAQMD is a necessary party in plaintiffs' prayer for relief under their first and second claims, for greenhouse gas regulation of power plants, and under their third claim, for plaintiffs' low-income, mostly minority San Francisco neighborhood to be free of unnecessary power plants.

**ARGUMENT**

To prevail in regard to its Rule 12(f) motion to strike BAAQMD must demonstrate that its inclusion as a defendant is immaterial and impertinent to plaintiffs' first through third causes of action. In regard to its Rule 12(b)(6) motion to dismiss, BAAQMD must demonstrate that plaintiffs have failed to state claims against BAAQMD upon which injunctive relief can be granted.

As discussed below, BAAQMD fails with respect to both of its motions.

//

//

//

**1. BAAQMD Is A Necessary Party To Plaintiffs' EPA Claims and Public Nuisance Claim**

As plaintiffs make clear in their Opposition to EPA's Motion to Dismiss, filed February 29, 2008 and incorporated by reference, plaintiffs first require relief under federal mandamus because of a loophole in the Clean Air Act. Opposition to EPA's Motion to Dismiss, *passim*. Plaintiffs' argument is that greenhouse gases cannot be regulated under the Clean Air Act until Johnson makes an "endangerment finding," that greenhouse gases endanger human health and welfare, and that this finding is a discretionary act to be compelled only through federal mandamus. Id. p. 3, ln. 20-p. 7, ln. 18.

Once an endangerment finding is made, plaintiff's second claim for relief under the Administrative Procedure Act ("APA") becomes available, as promulgation of new regulations from the federal level to the state level is a non-discretionary act.

BAAQMD is a necessary party to plaintiffs' first claim for relief because "once it issues Authority to Construct the SFERP power plant CCSF will commence construction of the plant and deny plaintiffs' their only remedy for preventing the harm herein alleged" (FAC ¶ 98) and under their second claim for relief because "[BAAQMD's] own Rules and Regulations are derived from the provisions and list of regulated air pollutants found in the Clean Air Act" and "once it issues Authority to Construct the SFERP power plant CCSF will commence construction" (FAC ¶ 106).

In regard to plaintiffs' third claim for public nuisance relief, BAAQMD is a defendant because "as soon as CCSF receives Authority to Construct the plant from BAAQMD it will commence construction and deny plaintiffs the relief requested." FAC ¶ 117.

BAAQMD's co-defendant CCSF concedes that it is a necessary party if the court denies the EPA defendants' motion to dismiss in CCSF's own motion to dismiss, which is incorporated by reference. See CCSF Motion to Dismiss, p. 12, fn. 4. The argument that CCSF and BAAQMD are necessary parties is fairly straightforward and is outlined in <u>National Wildlife Federation</u>, 45 F. 3d at 1345. The court therein quoted Federal Rule of Civil Procedure 19(a) in

writing that joinder of a party is required if "in the person's absence complete relief cannot be accorded among those already parties." National Wildlife at 1344, fn. 9.

In National Wildlife, the court held that plaintiffs could not achieve complete relief under the APA unless cattle owners that allowed their animals to graze on wetlands that the Department of Agriculture improperly failed to protect were joined as defendants. Id. at 1340, 1344.

Throughout BAAQMD's motion it makes a point of arguing that it has not violated any law. BAAQMD Motion, *passim*. Similarly, defendants Tracy and Sharon Baxter contended in National Wildlife that they themselves did nothing wrong, to which the court responded that plaintiffs "cannot obtain complete relief unless the Baxters are prevented from harming the wetlands" or if "the Baxters were not bound by the outcome of this case." National Wildlife at 1344.

As alleged in the instant case, action by BAAQMD results in the harm that plaintiffs seek to prevent. That simple analysis was enough to prompt CCSF to concede that it is a necessary party in regard to plaintiffs' EPA claims, and plaintiffs offer to the court that the same analysis applies to BAAQMD. To the extent the court requires the amendment that defendant requests, to utilize the language "necessary party" rather than "indispensable party," this change can be accomplished under Rule 15(a).

**2. BAAQMD's Review Of The Power Plant Application Is A Federal Action**

To the extent that the BAAQMD has raised a jurisdictional issue in the eyes of the court plaintiffs offer up the following demonstration that BAAQMD has engaged in a federal action that satisfies any question as to jurisdiction in this case.

Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Under this statute, the question is whether this claim "arises under" the Constitution, laws or treaties of the United States. In order to meet the "arising under" requirement, the plaintiff's complaint must establish either that federal law creates the claim, or that the plaintiff's asserted right depends on the resolution of a substantial question of federal law. Franchise Tax Board of California v.

Construction Laborers Vacation Trust For Southern California, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). "[W]here the federal issue would arise only as a defense to a state cause of action," there is no federal jurisdiction. Louisville & N. R. Co. v. Mottley, 211 U.S. 149, 153-54, 29 S. Ct. 42, 53 L. Ed. 126 (1908).

The California Court of Appeal has determined that the BAAQMD's review of CCSF's application to construct the power plant is a federal action:

> "The District is a local air quality management district that regulates and controls stationary sources of air pollution in nine counties—including Santa Clara County— surrounding the San Francisco Bay. (See Health & Saf. Code, §§ 40000-40001, 40200-40276; see also Gov. Code, § 23143.) The District assists in the administration of the Clean Air Act—a federal statute establishing a combined federal and state program to control air pollution. (See Greater Detroit Res. Recovery Auth. v. U.S. E.P.A. (6th Cir. 1990) 916 F.2d 317, 320 (Greater Detroit); see also 42 U.S.C. §§ 7470-7479.) At all times relevant to this matter, the District was charged with implementing the federal PSD program in order to prevent the significant deterioration of air quality within its jurisdiction. (See 42 U.S.C. §§ 7471, 7475(a); 40 C.F.R. § 52.21(u) (2003).) When the District's APCO issued the PSD permit for the Metcalf Energy Center, the EPA had formally delegated its authority to issue PSD permits pursuant to the Clean Air Act to the District. In such circumstances, the District issues the PSD permit as a federal permit on behalf of the EPA. (Greater Detroit, supra, 916 F.2d at pp. 320-321; 42 U.S.C. § 7410(c)(3); 40 C.F.R. §§ 52.21(u) (2003), 124.41; see 45 Fed.Reg. 33413 (May 19, 1980).) Thus, the PSD permit issued by the District was a federal permit." City of Morgan Hill v. Bay Area Air Quality Management District 118 Cal. App. 4th 861; 13 Cal. Rptr. 3d 420 (2004)

In addition, the United States Supreme Court has held as follows:

> "It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." See Ex parte Young, 209 U.S. 123, 160-162, 28 S.Ct. 441, 454-455, 52 L.Ed. 714 (1908). A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is preempted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.
> Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96 n. 14, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1983); see also Verizon Md. Inc. v. PSC, 535 U.S. 635, 642, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002) (holding that federal courts had subject matter jurisdiction over plaintiff's action to enjoin state officials from enforcing state and local regulations on ground that such regulations were preempted by federal law).

**3. BAAQMD's Motion to Strike Necessarily Falls**

Plaintiffs first point out that Rule 12(f) motions are generally disfavored because of the policy favoring resolution on the merits and because such motions are often used as delaying tactics. Stanbury Law Firm v. I.R.S., 221 F3d 1059, 1063 (8th Cir. 2000); RDF Media Ltd. v.

Fox Broadcasting Co., 372 F.Supp.2d 556, 566 (CD CA 2005) (citing text); Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (CD CA 1996) (citing text).

For BAAQMD to prevail "the (c)ourt must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Systems Corp. v. AT & T (SD NY 1973) 60 FRD 692, 694 (emphasis added; internal quotes omitted); SEC v. Sands (CD CA 1995) 902 F.Supp. 1149, 1165 (quoting text).

As laid out above, BAAQMD is a necessary party to plaintiffs' first through third claims for "complete" relief, as CCSF concedes in regard to itself and just as the defendants in the National Wildlife case were similarly properly joined as necessary parties.

**4. BAAQMD's Arguments In Favor Of Dismissal Under Rule 12(b)(6) Similarly Must Fall If Plaintiffs Are To Be Afforded Relief Against EPA Defendants and CCSF.**

Once more, BAAQMD makes the argument that the Baxters made in National Wildlife, it "acted in good faith" See National Wildlife, 45 F. 3d at 1343. And despite the declaration of innocence from the Baxters, joinder was required to provide "complete relief" to plaintiffs. Id. at 1344.

Another analogous case in this instance is Sierra Club v. Hodel 848 F.2d 1068 (10th Cir.1988), cited by the court in National Wildlife at 45 F. 3d, 1344.

In Hodel, the Sierra Club brought suit under APA against both the Bureau of Land Management ("BLM") and Garfield County, Utah, to prevent the County from widening a road running through federal land unless BLM approved the project under § 302(b) of the Federal Land Policy and Management Act, 43 U.S.C. § 1732(b). Hodel at 1079.

The Tenth Circuit held the County, otherwise performing its duty in the manner that BAAQMD argues that it would be simply performing its duty in issuing authority to construct these power plants, was properly joined in the action, because "[i]f Sierra Club had not joined Garfield County as a party, then this would be a paradigm case for applying Federal Rule of Civil Procedure 19 [providing for mandatory joinder of indispensable parties]." Hodel at 1077. In these circumstances, the court held the Sierra Club could join the County in the action, even

though it did not have a direct cause of action against the County under APA. Hodel, 848 F. 2d at 1078.

**5. Plaintiffs Have Alleged Inevitable Future Harm Despite BAAQMD's Contentions.**

One of BAAQMD's last arguments is that plaintiffs have not alleged damages. BAAQMD Motion, p. 13, ln. 13-p. 14, ln. 8. Defendant has overlooked paragraphs 74 through 89 which detail the harms caused by increased global warming, which are incorporated into the first claim for relief by paragraph 90, the second claim by paragraph 101, and the third claim by paragraph 109. Plaintiffs allege that they will be denied every benefit, in the form of decrease environmental and health damage, that future post- greenhouse gas regulation power plants will be afforded, if BAAQMD issues CCSF's permit. FAC ¶¶ 98, 106, 117.

**6. BAAQMD's Final Argument As To Conservation Of Resources Is Exaggerated.**

The relief requested by plaintiffs against BAAQMD is simple: do not act. There is no burden upon BAAQMD to take the very simple step to withhold action; plaintiffs' request is for a prohibitory injunction. There is a well-established legal basis for BAAQMD's inclusion in this suit as a necessary party in this litigation, as discussed herein; therefore defendant's citation to In re Wal-Mart Stores, Inc. Wage & Hour Litigation, 505 F. Supp.2d 609, 621 (N.D. Cal. 2007) is misguided.

Once again BAAQMD argues that it has followed today's laws. Plaintiffs' response is that they seek a new set of laws that the BAAQMD has not yet followed.

**CONCLUSION**

BAAQMD's co-defendant CCSF concedes that it is a necessary party to plaintiffs' claims against EPA defendants under the rule in National Wildlife 45 F.3d 1337, 1345 (9th Cir. 1995). The same logic embraced by CCSF applies to BAAQMD in regard to plaintiffs' claims against the EPA and their nuisance claim against CCSF. To the extent that defendant takes issue with the allegation that it is an "indispensable" party rather than "necessary" party, plaintiffs can amend their complaint.

//

//

Respectfully submitted,

Dated: March 21, 2008

BRIGHTLINE DEFENSE PROJECT

Joshua Arce, Esq.
Attorney for Plaintiffs
San Francisco Chapter of the A. Philip Randolph Institute, Californians for Renewable Energy, Lynne Brown, Regina Hollins

CALIFORNIANS FOR RENEWABLE ENERGY

Martin Homec, Esq.
Attorney for Plaintiff
Californians for Renewable Energy

**CERTIFICATE OF SERVICE**

On March 21, 2008, a true and correct copy of the foregoing MEMORANDUM IN OPPOSITION TO BAAQMD'S MOTION TO STRIKE/DISMISS was served electronically via the Court's e-filing system to Counsel of Record.

BRIGHTLINE DEFENSE PROJECT

Joshua Arce, Esq.