Joshua Arce, Esq. (State Bar No. 218563)
josh@brightlinedefense.org
BRIGHTLINE DEFENSE PROJECT
240 Golden Gate Avenue, Ste. 102
San Francisco, CA 94102
415-837-0600
Fax 415-837-0660

Martin Homec (State Bar No. 085798)
martinhomec@gmail.com
P. O. Box 4471
Davis, CA 95617
530-867-1850

Attorneys for Plaintiffs
SAN FRANCISCO CHAPTER OF THE
A. PHILIP RANDOLPH INSTITUTE,
CALIFORNIANS FOR RENEWABLE ENERGY,
LYNNE BROWN, REGINA HOLLINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO CHAPTER OF THE A. PHILIP RANDOLPH INSTITUTE, CALIFORNIANS FOR RENEWABLE ENERGY, LYNNE BROWN, REGINA HOLLINS,<br><br>on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN JOHNSON, BAY AREA AIR QUALITY MANAGEMENT DISTRICT, CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendants. | Case No.:   C-07-4936-CRB<br><br>MEMORANDUM IN OPPOSITION TO BAAQMD'S MOTION FOR SANCTIONS<br><br>Date:   Friday, April 11, 2008<br>Time:  10:00 a.m.<br>Place:  450 Golden Gate Avenue<br>           Courtroom 8, 19th Floor<br>           San Francisco, California |

**INTRODUCTION**

Defendant Bay Area Air Quality Management District ("BAAQMD") has filed a motion for sanctions under Rule 11, claiming that plaintiffs' claims against it are frivolous. From the outset of this litigation BAAQMD and its attorney have behaved in a way seemingly designed to intimidate plaintiff's attorney with an eye toward chilling advocacy on these very important issues. This motion is a continuation of that trend.

Sanctions are not proper in this instance, where a party is making a reasonable argument for extension of existing law, even if the court might later determine that plaintiffs erroneously claim their position is supported by existing law: "It is not always easy to decide whether an argument is based on established law or is an argument for the extension of existing law." Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F2d 1531, 1540 (9th Cir. 1986).

That plaintiffs request an extension of the Clean Air Act to include greenhouse gas regulation through different vehicles of existing law highlights the difficulty in obtaining relief under the circumstances and do not warrant the imposition of sanctions as BAAQMD requests.

Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. Greenberg v. Sala, 822 F2d 882, 887 (9th Cir. 1987). Creativity may be employed in "service of a good faith application of the law or at least a good faith request for a change in the law." Gaiardo v. Ethyl Corp., 835 F2d 479, 484 (3rd Cir. 1987) (internal quotes omitted).

Plaintiffs' theory that BAAQMD is a necessary party under its Environmental Proection Agency ("EPA") claims is not only creative, but compelling, and has been accepted by co-defendant City and County of San Francisco ("CCSF") in regard to the city's status as a necessary party. That BAAQMD disagrees with the same analysis as applied by plaintiffs in their Opposition to BAAQMD's Motion to Strike/Dismiss does not give rise to a claim for "frivolous" filing.

//
//
//

- 1 -

## BACKGROUND

This lawsuit, seeking an order compelling the EPA and its Administrator to comply with the United States Supreme Court's ruling in Massachusetts v. EPA, 549 U.S. 1438, 1455 (April 2, 2007), was commenced on September 24, 2007. On October 16, 2007, plaintiffs' attorney wrote to BAAQMD attorney Alexander Crockett, Esq. to meet and confer on the need to enjoin BAAQMD action if BAAQMD would stipulate to postpone issuance of authority to construct the power plants in question.

Mr. Crockett's October 18 response was mean-spirited and threatening: "my thought is to call him and tell him hell no we're not going to agree to do anything of the sort; and by the way you better withdraw this frivolous complaint, and if you go forward and make us expend public funds to get it dismissed, we will seek to recover the resources we are forced to expend in the form of sanctions." See October 18, 2007 Email from Alexander Crockett, attached as Exhibit A of Declaration of Joshua Arce Esq. in Opposition to Motion for Sanctions.

Plaintiffs' attorney responded with a polite email offering to discuss the merits of plaintiffs' complaint with counsel and asking for articulation for the reasons that Mr. Crockett viewed the complaint as frivolous. See October 18, 2007 Email from Joshua Arce, attached as Ex. B of Decl. of Arce.

From that point forward BAAQMD consistently raised the threat of sanctions against plaintiffs' attorney, most notably during a meet and confer telephone conference with all parties and counsel.

Plaintiffs and their attorney firmly believe in, and stand by, their legal theories and all facts laid out in their Complaint and First Amended Complaint. CCSF has stipulated in its own motion to dismiss that if the complaint survives the EPA's motion to dismiss CCSF is a necessary party to those claims. The same logic applies to BAAQMD, has been laid out in plaintiffs' opposition to BAAQMD's motion to strike/dismiss, and demonstrates that the First Amended Complaint is not frivolous and sanctions are not warranted.

//
//

## ARGUMENT

If an adversary's allegations are fairly debatable, a party should not threaten or seek sanctions as a means of intimidation or to test the legal sufficiency of the allegations. See Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 FRD 401, 590.

In addition, sanctions are not proper where a party is making a reasonable argument for extension of existing law, even if the court determines that the party erroneously claims its position is supported by existing law: "It is not always easy to decide whether an argument is based on established law or is an argument for the extension of existing law." Golden Eagle Distributing, 801 F2d 1531, 1540.

Most of BAAQMD's argument is duplicative of its argument in its Motion to Strike/Dismiss. Plaintiffs incorporate their Memorandum in Opposition to BAAQMD's Motion to Strike/Dismiss in opposing this motion for sanctions and illustrating the reasonableness of their allegations in the First Amended Complaint.

Plaintiffs' argument for extension of the Clean Air Act to cover greenhouse gas emissions is laid out in their Memorandum in Opposition to EPA's Motion to Dismiss, which is also incorporated by reference. CCSF acknowledges that "it could be joined as a party to the plaintiffs' claims against the EPA to the extent that the City's joinder is necessary for plaintiffs to obtain 'complete relief.'" CCSF Motion to Dismiss, p. 12, fn. 4.

Plaintiffs similarly argue in their Opposition to BAAQMD's Motion to Strike/Dismiss that the same logic applies to BAAQMD, citing the cases of National Wildlife Federation v. Espy, 45 F.3d 1337, 1345 (9th Cir. 1995) and Sierra Club v. Hodel, 848 F.2d 1068, 1078 (10th Cir.1988).

That plaintiffs have made a completely reasonable argument for extension of existing law in regard to the EPA, as well as for the position that BAAQMD is a necessary party under the rules of National Wildlife Federation and Sierra Club suggests that sanctions are not available, under the rule in Golden Eagle.

- 3 -

1  Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual
2  or legal theories.  <u>Greenberg v. Sala,</u> 822 F2d 882, 887 (9th Cir. 1987).  Creativity may be
3  employed in "service of a good faith application of the law or at least a good faith request for a
4  change in the law."  <u>Gaiardo v. Ethyl Corp.</u>, 835 F2d 479, 484 (3rd Cir. 1987) (internal quotes
5  omitted).
6  That plaintiffs have advanced what they view to be a correct and valid argument that they
7  hope will succeed and allow the relief they request may be "creative" does not approximate a
8  scenario in which sanctions would be appropriate.
9  Plaintiffs also direct the court to the proposition laid out in <u>Gaiardo</u> that seeking sanctions
10  accompanied by threats is itself sanctionable conduct:  "The use of Rule 11 ... has become part of
11  the so-called 'hardball' litigation techniques espoused by some firms and their clients. Those
12  practitioners are cautioned that they invite retribution from courts which are far from enchanted
13  with such abusive conduct."  <u>Gaiardo</u>, 835 F.2d at 485.

## **CONCLUSION**

15  It is apparent from BAAQMD's motions that it has a history with plaintiff Californians
16  for Renewable Energy ("CARE") and its attorney Martin Homec.  However, BAAQMD's first
17  response upon an invitation to meet and confer from attorney Joshua Arce was the threat of
18  sanctions that it has followed through on.
19  Plaintiffs have laid out the solid legal argument behind both the claims laid out in their
20  First Amended Complaint and behind the inclusion of BAAQMD as a necessary party to their
21  first through third claims.
22  The legal authorities cited in this memorandum, as well the policy that advocacy should
23  not be chilled by threats of sanctions against well-reasoned legal arguments, require that
24  BAAQMD's motion must be denied.
25  //
26  //
27  //
28  //

- 4 -

1                                           Respectfully submitted,

2   Dated: March 21, 2008            BRIGHTLINE DEFENSE PROJECT

3

4                                           _____

5                                           Joshua Arce, Esq.
                                            Attorney for Plaintiffs

6                                           San Francisco Chapter of the A. Philip
                                          Randolph Institute, Californians for

7                                           Renewable Energy, Lynne Brown, Regina
                                          Hollins

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mem. in Opposition to BAAQMD Mot. for Sanctions
C-07-4936-CRB

## CERTIFICATE OF SERVICE

On March 21, 2008, a true and correct copy of the foregoing MEMORANDUM IN OPPOSITION TO BAAQMD'S MOTION FOR SANCTIONS was served electronically via the Court's e-filing system to Counsel of Record.

BRIGHTLINE DEFENSE PROJECT

_____
Joshua Arce, Esq.