Joshua Arce, Esq. (State Bar No. 218563)
josh@brightlinedefense.org
BRIGHTLINE DEFENSE PROJECT
240 Golden Gate Avenue, Ste. 102
San Francisco, CA  94102
415-837-0600
Fax 415-837-0660

Martin Homec (State Bar No. 085798)
martinhomec@gmail.com
P. O. Box 4471
Davis, CA 95617
530-867-1850

Attorneys for Plaintiffs
SAN FRANCISCO CHAPTER OF THE
A. PHILIP RANDOLPH INSTITUTE,
CALIFORNIANS FOR RENEWABLE ENERGY,
LYNNE BROWN, REGINA HOLLINS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO CHAPTER OF THE A. PHILIP RANDOLPH INSTITUTE, CALIFORNIANS FOR RENEWABLE ENERGY, LYNNE BROWN, REGINA HOLLINS,<br><br>on behalf of themselves, all others similarly situated, and the general public,<br><br>            Plaintiffs,<br><br>        vs.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN JOHNSON, BAY AREA AIR QUALITY MANAGEMENT DISTRICT, CITY AND COUNTY OF SAN FRANCISCO,<br><br>            Defendants. | Case No.:      C-07-4936-CRB<br><br>DECLARATION OF MICHAEL BOYD IN OPPOSITION TO CCSF AND BAAQMD'S MOTIONS TO DISMISS/STRIKE AND FOR SANCTIONS<br><br>Date:  Friday, April 11, 2008<br>Time:  10:00 a.m.<br>Place:  450 Golden Gate Avenue<br>        Courtroom 8, 19th Floor<br>        San Francisco, California |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF MICHAEL BOYD

I, Michael Boyd, being duly sworn, declare:

1.     I wish to submit this declaration in opposition to the City and County of San Francisco's ("CCSF") Motion to Dismiss and the Bay Area Air Quality Management District's ("BAAQMD") Motions to Strike/Dismiss and For Sanctions.

2.     I have a B. S. in Physics from the University of California at Santa Barbara, and I am employed full time as a Senior Manufacturing Engineer for Accuray, Inc. in Sunnyvale California. I maintain my domicile currently in Soquel California Santa Cruz County. I have no personal property interest in these matters except for any award the Court may determine I am eligible for my participation under statute. I am a Caucasian White Male over 50 years of age and I am a volunteer.

3.     I am the President of the Board of Directors of CAlifornians for Renewable Energy ("CARE"), a non-profit public benefit corporation organized and operating under the laws of California for the primary purposes of educating the public about, and encouraging public agencies to consider, alternative forms of renewable energy as a means of avoiding dependence on declining fossil fuel supplies, and the harmful air emissions caused by their use. CARE serves these charitable purposes to protect the interests of our low-income people of color members who are disparately impacted by these fossil fuel supplies which emit copious amounts of unregulated Green House Gases ("GHGs") like Carbon Dioxide ("$CO_2$") methane ("$CH_4$"), ozone ("$O_3$") and Nitrous Oxide ("$N_2O$") as well as regulated Criteria Pollutants like Nitrogen Oxide ("$NO_x$" or "$NO_2$"), Sulfur Dioxide ("$SO_2$"), Particulate Matter ("PM"), Volatile Organic Compounds ("VOCs"), Carbon Monoxide ("CO") and Hazardous Air Pollutants like Mercury ("Hg") that are produced. I have personal knowledge of the matters stated herein, and if called as a witness could testify competently thereto.

4.     CARE is a plaintiff in this action and I submit this declaration in opposition to the defendants' motions to strike/dismiss portions of plaintiffs' first amended complaint and for sanctions.  Plaintiffs seek as one of two general forms of relief new regulations for unregulated greenhouse gases such as $CO_2$, $CH_4$, $O_3$, and $N_2O$ as well as for regulated Criteria Pollutants like

1   $NO_x$, $SO_2$, PM, VOCs, CO, and the Hazardous Air Pollutants like Hg. I allege further allege that

2   Defendants have violated my and CARE's members' procedural due process rights under color

3   of law in violation of 42 U.S.C. §1983 because I represent the interests of our low-income people

4   of color members who are disparately impacted and these Defendants' have violated Plaintiffs'

5   rights based on racial discrimination.

6       5.    Except for Defendant City and County of San Francisco, neither of the other

7   Defendants, the Bay Area Air Quality Management District nor the U.S. Environmental

8   Protection Agency ("US EPA"), filed any opposition to our procedural due process claims under

9   42 U.S.C. § 1983 and the Court could interpret this to waive any objection they might have had

10  to our claim. My intention was of course to include all the Defendants in our claim under 42

11  U.S.C. § 1983, not just CCSF. So if my attorneys didn't craft their pleadings succinctly enough

12  to make this clear I ask for procedural guidance from the Court on how to amend the Complaint

13  to allow this at this time.[1]

14      6.    I also wish to point out to the court, to the extent it is relevant regarding the claim

15  that the BAAQMD is not complicit in any procedural due process complaint or other claim of

16  wrongdoing, that BAAQMD has a history of neglect in regard to the neighborhood affected by

17  San Francisco's proposed new power plants:  Bayview Hunters Point. CARE constituents and

18  other residents of Bayview Hunters Points have been and are being exposed to asbestos[2] and

19  other airborne pollutants in their homes and their everyday lives through no fault of their own.

20  The pollutants are becoming airborne because of construction work at the former Hunters Point

21  US Naval Shipyard.  BAAQMD issued the air permit for this construction project, but failed to

22  enforce or make an effort to follow-up on these regulations. No safety measures in the Bayview

23  Hunters Point in San Francisco California were implemented, while safety measures in other

24

25      [1] I feel compelled to bring to your attention the fact that our due process claims may include similar facts with
26  another federal agency the Federal Energy Regulatory Commission, where our Petition for Review filed January 2,
    2008, before the US 9th Circuit Court of Appeals (CARE v. FERC case No. 08-70010)  which Petitions for Review
    Nos. 08-70010, 08-70141, 08-70233, 08-70236, 08-70237, 08-70240, 08-70248, and 08-70305 have been
27  consolidated with petition Nos. 01-71934 *et al*.
        [2] See Attachment A State of California—Health and Human Services Agency, California Department of Public
28  Health, September 10, 2007 letter to Captain Susan L. Muza, Agency for Toxic Substances and Disease Registry
    Attachment**B** 07-cv-4936-CRB HuntersPointCDPHLetter.pdf

Decl. of Michael Boyd in Opposition to BAAQMD Mot. to Strike/Dismiss and for Sanctions
C-07-4936-CRB

1   areas in California have been implemented.  The Bayview Hunters Point in San Francisco

2   California has a population predominantly of people of color who have a widespread distrust of

3   the BAAQMD because of BAAQMD's perceived disregard for low-income, minority

4   communities.

5          7.     Defendant contends that Plaintiffs have conceded that they have "no remedy

6   under the Clean Air Act" to challenge the San Francisco Electric Reliability Project ("SFERP" or

7   "Project") on the basis of greenhouse gas emissions and have no other cause of action for which

8   to seek relief. This presumption is wrong because they essentially don't see the poor people and

9   people of color my organization represents because they are prejudiced against them because of

10  their race and income. Any administrative processes referenced by BAAQMD find African

11  Americans, Asians, Pacific Islanders, and Chicanos to be invisible, as we have petitioned for our

12  grievances since 2000 without any statutorily required response or no response at all for our

13  grievances. They have treated us as litigants in a lawsuit during all their administrative

14  proceedings since this time instead as the public whose trust they are supposed to protect.

15         8.     The basis of our claim is our constitutionally protected rights to life and liberty

16  and due process not any personal property interests because CARE only serves charitable

17  purposes not any private interest except for the fact that CARE maintains an office under a lease

18  agreement with the Grace Tabernacle Church in Bay View-Hunters Point San Francisco,

19  California a predominantly low income African American community which is within the Green

20  House Gas impact zone of the proposed project. Mr. Lynne Brown of CARE works there. CARE

21  rents from the church because they, like CARE, are a 501 (c)(3) non-profit corporation.

22         9.     BAAQMD has directly denied CARE's procedural due process rights in previous

23  proceedings, allegations which have not been made within the context of plaintiffs' current suit.

24  BAAQMD violated CARE's right to a fair hearing by (1) refusing to consider contrary

25  evidence,(2) ignoring local, state and federal laws establishing procedural and substantive

26

27

28

1    standards for approving the SFERP, which standards the BAAQMD violated to petitioner's

2    prejudice, and (3) exhibiting bias. [3]

3        10.    I believe that the BAAQMD's permitting staff, the power plant Applicant CCSF,

4    and the CEC, have conducted these procedurally deficient hearings to deprive CARE and its

5    members of their civil and constitutional rights to a fair hearing on this matter before the

6    BAAQMD Hearing Board, as is demonstrated by actions taken in response to the appeal CARE

7    filed for BAAQMD violating our right to meaningful and informed public participation in the

8    project's federal permit which violated due process. The District's Hearing Board actions

9    essentially allows a California state agency, the California Energy Commission ("CEC"), that

10   has not been delegated permitting authority by US EPA, to decide on whether the BAAQMD's

11   [an agency that has been delegated permitting authority by US EPA] air quality permit

12   Determination of Compliance ("DOC") complies with the requirements and meets the standards

13   of the District's Regulations and the federal Clean Air Act ("CAA") as delegated by US EPA.

14   The BAAQMD states that their Authority to Construct permit is ministerial. See BAAQMD

15   Motion to Strike/Dismiss p.6, lines 6 – 12.  This violates Plaintiffs' due process rights because it

16   forecloses any lawful avenue of appeal to Defendant's actions to approve the Permit.

17        11.    I believe that such actions by the District's staff is evidence of retaliation against

18   CARE for bringing a Civil Rights complaint against the District before the US EPA Office of

19   Civil Rights ("OCR") brought by CARE in April 2000, for the same reason they are acting in

20   concert with CCSF over their Bay View Hunters Point San Francisco power plant project, they

21   are intent on discriminating against the low income community of color of Pittsburg California,

22   and the low-income children of color of the Pittsburg School District in particular, as they are in

23   the low income community of color of Bay View Hunters Point San Francisco, in order to site

24   gas fired combustion turbines in these disparately impacted communities in violation of Title VI

25   of the Civil Rights Act.

26

27

28

---

[3] See Attachment **B** 07-cv-4936-CRB 04-16-06BAAQMD Hearing Brd Order for Dismissal.pdf

12.     From 2000 through today I helped CARE file a total of five Title VI complaints with the US EPA and one filed against the SFERP on June 21, 2003 with the US Department of Energy ("US DOE") Office of Civil Rights and Diversity. The complaints dealt with the impacts of power plant air emissions, particularly on school children; asbestos pollution in a low-income neighborhood of color; toxic contamination in a currently inhabited former military housing development; agencies blocking public participation; and agency action without statutorily mandated environmental analysis.

13.     CARE filed a Title VI complaint with the US EPA against the CEC and several energy companies on April 17, 2000 for the approval of the Los Medanos Energy and Delta Energy Center(s) in Pittsburg California, by the CEC, California Air Resources Board ("CARB"), and Defendant BAAQMD. (US EPA OCR File No: 2R-00-R9[4]). CARE was subsequently advised that the US EPA OCR had accepted CARE's complaint for investigation only in regard to CARB and BAAQMD, which receive federal funding, but not CEC, which instead receives its federal funding from US DOE. CARE participated with BAAQMD and CARB in an Alternative Dispute Settlement process funded by the US EPA through monthly meetings from June through December 2002. The Civil Rights Complaint included the CEC for failing to incorporate Title VI into its demographic analysis as permitting authority for plants' PSD Permit, which failed to identify that the community of Pittsburg, California, was 63% people of color, predominantly African American, and that the then proposed projects Los Medanos and Delta Energy Centers "disparately" impacted the low-income children of color of the Pittsburg Unified School District. The complaint included a resolution from the Pittsburg

---

[4] On March 16, 2006 Plaintiff CARE filed an amended administrative complaint (Complaint 2R-00-09) with USEPA Office of Civil Rights under Title VI of the Civil Rights Act of 1964 to include retaliation by BAAQMD and CEC, for their due process violations under Title VI and requested a new complaint be brought against BAAQMD for racial discrimination in regards to the District's Determination. AttachmentC 07-cv-4936-CRB 2006-03-16_CARES_AMENDED_CIVIL_RIGHTS.pdf
    See http://www.energy.ca.gov/sitingcases/sanfrancisco/documents/intervenors/2006-03-16_CARES_AMENDED_CIVIL_RIGHTS_COMPLAING.PDF

Decl. of Michael Boyd in Opposition to BAAQMD Mot. to Strike/Dismiss and for Sanctions
C-07-4936-CRB

1  Unified School District concurring completely with CARE's position[5]. The School District thus
2  became a co-complainant with CARE.
3         14.    CARE filed a Title VI complaint with the US EPA on March 31, 2004, along with
4  the Fort Ord Environmental Justice Network ("FOEJN"), and their executive director Ms.
5  LeVonne Stone, against the Fort Ord Reuse Authority ("FORA"), in US EPA OCR Complaint
6  14R-04-R9. The US EPA rejected this complaint despite an eminent threat to the Ms. Stone's
7  family from carbon tetrachloride ("CT") contamination under their home claiming unlawfully
8  that it (US EPA) had not provided federal financial assistance to Respondent (FORA) when
9  FORA had been conveyed federally owned property for who US EPA was responsible for
   cleanup.
10        15.    CARE filed a Title VI complaint with the US EPA on October 20, 2004 against
11 Defendant CCSF and its San Francisco Redevelopment Agency ("SFRA"), with US EPA,
12 Complaint ID 12R-04-R9 , alleging that the actions taken by the CCSF and SFRA in regards to
13 the Hunters Point Naval Shipyard violated the Act. The SFRA took action at its April 29, 2004
14 meeting adopting environmental findings pursuant to the California Environmental Quality Act
15 ("CEQA") and authorizing execution of the following documents with the United States
16 Department of the Navy concerning the former Hunters Point Naval shipyard site:  "(1) the
17 Conveyance Agreement, (CA), (2) the Security Services Cooperative agreement, and (3)
18 ancillary related documents [including the Disposition Development Agreement (DDA) between
19 the San Francisco Redevelopment Agency (SFRA) and Lennar-BVHP for the Redevelopment of
20 the Shipyard]; and authorizing related actions; Hunters Point Shipyard Redevelopment project
   area."
21        16.    On August 6, 2007 CARE filed an amendment to the complaint to include the
22 BAAQMD.   CARE amended its complaint to include the BAAQMD as a charged party because
23 CARE alleges that the BAAQMD failed to follow the California Environmental Quality Act
24 ("CEQA") public hearing procedures designed to produce an effective asbestos dust control plan
25 for Parcel A of the former Hunters Point shipyard, and for their failure to protect the health and
26 welfare of the workers on the project and the surrounding community of Bay View Hunters Point

27 ─────────────────
28        [5]  See http://www.calfree.com/OCRDelta.html Figure 7 Resolution 99-32 of the Pittsburg Unified School
   District attachment D of my declaration. AttachmentD 07-cv-4936-CRB Resolution 99-32 of the Pittsburg Unified
   School District.doc

- 6 -

from exposure to asbestos dust which exceeded action limits on a repeated basis as a result of
construction activities on Parcel A of the Hunters Point shipyard by Lennar/BVHP.

17.    CARE filed a Title VI complaint with the US EPA against Defendant BAAQMD
and Los Medanos Energy Center on December 23, 2004, US EPA Complaint ID 13R-04-R9.[6]
The EPA acknowledged acceptance of receipt of this complaint on July 11 of 2007. According to
the letter US EPA has accepted our complaint for investigation.

18.    In all of the above cases, the neglect with which the Defendant US EPA treated
our complaints stymied CARE's ability to resolve the problems involved in our complaints.
Specifically, US EPA's neglect of our complaint prevented CARE from addressing the eminent
harm and endangerment being caused to people living in contaminated housing at Fort Ord,
California and members exposed to asbestos dust in Bay View Hunters Point in San Francisco.
Our expectation that US EPA would process our complaint as promptly as possible prevented us
from seeking other avenues for redress such as this legal action before your honor.  As a result,
the harm to residents from toxic contamination continues unabated.[7]

19.    Defendant CCSF contends in its motion to strike that plaintiffs' claims are not yet
ripe.

20.    Defendant CCSF has already taken collective action to approve the SFERP. In its
meeting of October 29, 2007, the Board's Land Use Committee collectively took action for the
Board to approve Resolution 071058 in violation of Plaintiffs' constitutional rights to due
process as the action taken was not in compliance with the "Brown Act" California Government
Code Section 54952.2.  (a) "[a]s used in this chapter, 'meeting' includes any congregation of a
majority of the members of a legislative body at the same time and place to hear, discuss, or
deliberate upon any item that is within the subject matter jurisdiction of the legislative body or
the local agency to which it pertains" Such action was prohibited because pursuant to 54952.2.
(b) "any use of direct communication, personal intermediaries, or technological devices that is

---

[6] See http://www.epa.gov/region07/programs/artd/air/title5/petitiondb/petitions/losmedanos_petition2004.pdf
AttachmentE 07-cv-4936-CRB losmedanos_petition2004.pdf

[7] See AttachmentF 07-cv-4936-CRB 08-27-07 status on external OCR complaints.pdf is a US EPA August 27,
2007 status report which demonstrates that in the last twenty years that OCR has a 100% track record in favor of
corporate polluters with not one out of the one hundred and ninety seven complaints filed has US EPA exercised any
enforcement action in response to discriminatory permit actions.

employed by a majority of the members of the legislative body to develop a collective concurrence as to action to be taken on an item by the members of the legislative body is prohibited."

21.    On October 31, 2007 Plaintiff CARE served a Notice to Correct or Cure Violations of the Ralph M. Brown Open Meeting Act on Defendant CCSF.[8]

22.    On November 30, 2007 CCSF provided the attached response to CARE. [9]

23.    Subsequent action taken by the Board on October 30, 2007 was improper as the Board had already taken collective action to support Resolution 071058 with the Land Use Committee's approval of the Resolution. Since the Land Use Committee's action taken was prohibited, subsequent action taken by the Board was prohibited since no action was taken by the Board at its subsequent October 30, 2007 meeting first to rescind the Board's unlawful action taken on October 29, 2007 at the Land Use Committee, and secondly no action was taken to table item 49 and to re-notice the meeting properly to consider Resolution 071058 in compliance with California Government Code Section 54954.2 (a).

24.    With regard to BAAQMD's motion for sanctions, I respectfully declare that to the best of my knowledge that Defendant BAAQMD's motion is without any basis alleging that our legal counsel Joshua Arce, has filed a frivolous suit because 1) Plaintiffs assert liability based on the District's status as an "indispensable party," or perhaps more properly stated, as a "necessary party," 2) if plaintiffs are granted relief under their EPA claims BAAQMD must not be permitted to authorize construction of the plants, 3) there is a good faith belief amongst the affected community that these power plants must not be built until the EPA is made to act and there will be irreparable harm if the project proceeds under these circumstances.

25.    Recognizing that I am not attorney I respectfully dispute these BAAQMD's claims that the suit is frivolous and provide as an offer of proof the attached affidavits[10] from

---

[8]    That letter is attachment G of my declaration. AttachmentG_SFBOSnoticetocorrectorcure.doc

[9]    See AttachmentH 07-cv-4936-CRB OfferofProof4 CCSFonSection1983.doc letter dated November 30, 2007 claiming CCSF Board of Supervisors had not taken collective action to approve Resolution 071058 with the Land Use Committee's approval of the Resolution thereby denying CARE's due process claim.

impacted community members to provide corroborative evidence, that the District is an "indispensable party", there is ample basis for mandamus relief, there is a legal basis for injunctive relief, and that there will be irreparable harm to Plaintiff's if BAAQMD approves the project's federal authority to construct permit before US EPA issues regulations for Green House Gases.

26.    It is also implicit that the same harm results if the City of San Francisco is to be permitted to proceed with building its unnecessary power plants.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21st day of March, 2008, at Sunnyvale, California.

Respectfully submitted,

*Michael E. Boyd*

_____
Michael E. Boyd President (CARE)
CAlifornians for Renewable Energy, Inc.
Phone: (408) 891-9677
E-mail: michaelboyd@sbcglobal.net
5439 Soquel Drive
Soquel, CA 95073

---

[10] See AttachmentI 07-cv-4936-CRB SFpeakerAsbestosAffidavites.doc

**CERTIFICATE OF SERVICE**

On March 22, 2008, a true and correct copy of the foregoing DECLARATION OF MICHAEL BOYD IN OPPOSITION TO CCSF AND BAAQMD'S MOTIONS TO DISMISS/STRIKE AND FOR SANCTIONS was served electronically via the Court's e-filing system to Counsel of Record.

CALIFORNIANS FOR RENEWABLE ENERGY


_____/s/_____
Martin Homec, Esq.