October 31, 2007
Board of Supervisors
City and County of San Francisco
City Hall, 1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4689

Dear San Francisco Board of Supervisors,

This letter is to call your attention to what we believe was a substantial violation of a central provision of the Ralph M. Brown Act, one which may jeopardize the finality of the action taken by the Board at its October 30, 2007 meeting by unlawfully approving item 49 a Resolution 071058 in support for development of four combustion turbines (CTs) three in the Potrero Bay View Hunters Point neighborhoods of San Francisco and one located at the San Francisco airport. Resolution 071058 was authored by four of the members of the Board's 11 members, Supervisors Maxwell, Dufty, Ammiano, and Peskin. In taking its action to approve Resolution 071058 on October 29, 2007 the Board's Land Use Committee collectively took action for the Board to approve Resolution 071058 in violation of the Act because in addition to the Resolution's author Supervisor Maxwell, Supervisors and Land Use Committee members Sandoval, and McGoldrick took action to adopt Resolution 071058 at a meeting that was not properly noticed as a meeting of the Board pursuant to California Government Code Section 54954.2 (a). Subsequent to this meeting on October 30, 2007 the six vote majority changed when the full Board voted on the Resolution 071058 with one of the authors, Supervisor Ammiano, opposing the Resolution with Supervisor Chu supporting the Resolution.

The nature of the violation is as follows: In its meeting of October 29, 2007 the Board's Land Use Committee collectively took action for the Board to approve Resolution 071058 in violation of the Act as the action taken was not in compliance with the "Brown Act" California Government Code Section 54952.2.  (a) "[a]s used in this chapter, 'meeting' includes any congregation of a majority of the members of a legislative body at the same time and place to hear, discuss, or deliberate upon any item that is within the subject matter jurisdiction of the legislative body or the local agency to which it pertains" Such action was prohibited because pursuant to 54952.2. (b) "any use of direct communication, personal intermediaries, or technological devices that is employed by a majority of the members of the legislative body to develop a collective concurrence as to action to be taken on an item by the members of the legislative body **is prohibited**."

Subsequent action taken by the Board on October 30, 2007 was improper as the Board had already taken collective action to support Resolution 071058 with the Land Use Committee's approval of the Resolution. Since the Land Use Committee's action taken was prohibited subsequent action taken by the Board was prohibited since no action was taken by the Board at its subsequent October 30, 2007 meeting first to rescind the Board's unlawful action taken on October 29, 2007 at the Land Use Committee, and secondly no action was taken to table item 49 and to re-notice the meeting properly to

1

consider Resolution 071058 in compliance with California Government Code Section 54954.2 (a).

Section 54952.6, defines "action taken" for the purposes of the Act expansively, i.e. as "a collective decision made by a majority of the members of a legislative body, a collective commitment or promise by a majority of the members of a legislative body to make a positive or negative decision, or an actual vote by a majority of the members of a legislative body when sitting as a body or entity, upon a motion, proposal, resolution, order or ordinance."

The Act provides criminal misdemeanor penalties for certain violations. Specifically, the Act punishes attendance by a member of a body at a meeting where action is taken in violation of the Act, and where the member intends to deprive the public of information to which the member knows or has reason to know the public is entitled. (§ 54959.) The term "action taken" as defined by section 54952.6 includes a collective decision, commitment or promise by a majority of the members of a body. The fact that the decision is tentative rather than final does not shield participants from criminal liability; whether "action" within the meaning of the statute was taken would be a factual question in each case. (61 Ops.Cal.Atty.Gen. 283, 292- 293 (1978).

Pursuant to that provision (Government Code Section 54960.1), we demand that the Board cure and correct the illegally taken action as follows:

The cure we seek is corrective action necessary to redress the illegality and provide the public the awareness and opportunity to comment of which it was deprived,
1) The Board rescinds the actions illegally taken by the Board at the Board's Land Use Committee meeting of October 29, 2007, and the Board's meeting of October 30, 2007 to approve Resolution 071058.
2) The Board differ further action to approve Resolution 071058 to a later date if at all.
3) The Board provides each of us proper notice of any further action on Resolution 071058 pursuant to California Government Code Section 54954.2 (a).

As provided by Section 54960.1 you have 30 days from the receipt of this demand to either cure or correct the challenged action or inform us of your decision not to do so. If you fail to cure or correct as demanded, such inaction may leave me no recourse but to seek a judicial invalidation of the challenged action pursuant to Section 54960.1, in which case we would seek the award of court costs and reasonable attorney fees pursuant to Section 54960.5.

Respectfully submitted,

*Lynne Brown*

_____
Lynne Brown Vice-President (CARE)
CAlifornians for Renewable Energy, Inc.
24 Harbor Road, Phone: (415) 285-4628
San Francisco, CA 94124

*Michael E. Boyd*

_____
Michael E. Boyd President (CARE)
CAlifornians for Renewable Energy, Inc.
E-mail: michaelboyd@sbcglobal.net
5439 Soquel Drive
Soquel, CA 95073

## Certificate of Services

I hereby certify that I have this day served the foregoing document "*Notice to Correct or Cure Violations of the Ralph M. Brown Open Meeting Act of CAlifornians for Renewable Energy, Inc. (CARE)*. Each person designated on this service list, has been served via personnel delivery or e-mail this day October 31st 2007.

*Lynne Brown*

_____
Lynne Brown Vice-President CARE
24 Harbor Rd.
San Francisco, CA 94124
Phone: (415) 285-4628
E-mail: l_brown369@yahoo.co

**Service List**
Angela Calvillo
Clerk Of the Board
City and County of San Francisco
City Hall, 1 Dr. Carlton B. Goodlett Place

San Francisco, CA 94102-4689
Office of the City Attorney
City Hall, Room 234
San Francisco, CA 94102
cityattorney@sfgov.org

Michela.Alioto-Pier@sfgov.org
Tom.Ammiano@sfgov.org
Carmen.Chu@sfgov.org
Chris.Daly@sfgov.org
Bevan.Dufty@sfgov.org
Sean.Elsbernd@sfgov.org
Sophie.Maxwell@sfgov.org
Jake.McGoldrick@sfgov.org
Ross.Mirkarimi@sfgov.org
Aaron.Peskin@sfgov.org
Gerardo.Sandoval@sfgov.org

3